STATE of Missouri, Respondent,

v.

James William STIDHAM, Appellant.

No. 52406.

Supreme Court of Missouri,
En Banc.

June 5, 1967.

Norman H. Anderson, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

James William Stidham, pro se.

STORCKMAN, Chief Justice.

The appellant James William Stidham is a prisoner in the Missouri State Penitentiary where he is serving a sentence of life imprisonment for murder. The judgment of conviction was affirmed by this court on September 9, 1957. State v. Stidham, Mo., 305 S.W.2d 7. On March 9, 1964, Stidham, pursuant to S.Ct. Rule 27.26, V.A.M.R. filed pro se in the Circuit Court of Butler County a motion to vacate and set aside his sentence. The motion to vacate was denied without an evidentiary hearing and on appeal this court on June 13, 1966, affirmed the order and judgment. State v. Stidham, Mo., 403 S.W.2d 616. Thereafter, Stidham filed pro se a second motion to vacate under Rule 27.26 which presented

claims not made in his first motion. The trial court without an evidentiary hearing also denied the second motion to vacate and the prisoner's appeal from that order and judgment is now before us. The movant filed a brief pro se in this court and made an oral argument.

On January 9, 1967, this court adopted a revised S.Ct. Rule 27.26. The effective date of the revised rule is September 1, 1967, but the trial courts may use the new procedure before that date. State v. Garner, Mo., 412 S.W.2d 155, 157.

The amended rule was adopted after considerable study and is intended to provide a post-conviction procedure in accord with the principles enunciated in the so-called trilogy of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. Further in keeping with the teachings of the trilogy, the amended rule is designed to discover and adjudicate all claims for relief in one application and avoid successive motions by requiring motions to be in questionnaire form and by providing for the appointment of counsel if the motion presents questions of law or issues of fact and the movant is shown to be indigent.

These and other provisions intended to furnish more adequate post-conviction relief were not provided by Rule 27.26 in effect at the time the present motion was filed or when the appeal was argued and submitted in this court. It is apparent, however, that regardless of whether this court affirms the order and judgment, or reverses and remands the cause, the movant will be immediately entitled to proceed under the provisions of amended Rule 27.26, and compliance with the amended rule would be obligatory after September 1 this year. In these circumstances, it would be improvident to process the appeal further and undertake to prepare an opinion on the merits. The maximum relief to which the appellant is entitled in this court is a reversal of the order and judgment of the trial court and a remand for further proceedings under amended Rule 27.26. Bosler v. Swenson, 8 Cir., 363 F.2d 154; Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33. Furthermore, it appears that appellant's motion raises one or more issues of fact on which appellant would be entitled to an evidentiary hearing.

Accordingly, the order and judgment is reversed and the cause is remanded with directions that all further proceedings be in compliance with the provisions of amended Rule 27.26. If appellant elects to proceed with his motion in the trial court, counsel must be appointed under subparagraph (h) of the amended rule since appellant has been shown to be an indigent person. Counsel should file an amended motion which includes every ground known to the prisoner for vacating, setting aside or correcting his conviction and sentence, and the prisoner shall verify the correctness of the motion, including the fact that he has recited all claims known to him, all as required by subparagraph (c) of the amended rule. The trial court then is required to conduct a full evidentiary hearing on the amended motion as required by subparagraph (e) of the amended rule, assuming that the motion raises questions of fact as does the present motion, after which the court then is to decide all issues of fact and questions of law, making findings of fact and conclusions of law as required by subparagraph (i) of amended S.Ct. Rule 27.26.

All of the Judges concur.