**Jack Lee NOBLE, Petitioner,**

v.

**Harold R. SWENSON, Warden, Respondent.**

**No. 1037.**

United States District Court
W. D. Missouri,
Central Division.

June 17, 1968.

Granville Collins, Columbia, Mo., Edward H. Hunvald., Jr., Columbia, Mo., assisted in preparation of brief, for petitioner.

Norman H. Anderson, Atty. Gen., State of Missouri, Howard L. McFadden, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

### I.

Petitioner, an inmate at the Missouri State Penitentiary at Jefferson City, seeks a writ of habeas corpus.

Petitioner first contends that after being convicted of the murder of a fellow inmate at the prison he was placed in solitary confinement by prison officials; that his court appointed counsel, the Prosecuting Attorney and the warden of the prison conspired to and did unconstitutionally deprive him of his right of appeal by coercing him into withdrawing his motion for new trial and waiving his right to appeal in exchange for his release from solitary confinement. Petitioner has exhausted his state remedies under Missouri Supreme Court Rule 27.26, V.A.M.R., with regard to this contention. See State v. Noble, Mo.1965, 387 S.W.2d 522.

■ Counsel for petitioner has requested that this Court hold a second postconviction evidentiary hearing in this Court. Under Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 757, 9 L.Ed. 2d 770 (1933), we are required to hold such a hearing "unless the state-court trier of fact has after a full hearing reliably found the relevant facts."

Petitioner was granted a hearing on his motion to vacate under Missouri Supreme Court Rule 27.26 in his sentencing court, the Circuit Court of Cole County. The Honorable Sam C. Blair entered a general judgment, without findings of fact or conclusions of law, denying relief.

On appeal petitioner's Rule 27.26 motion was reviewed by the Supreme Court of Missouri de novo under former Rule 28.05 (repealed September 1, 1967).[1] That court, after extensive discussion of the testimony and evidence presented at the hearing before Judge Blair, specifically found that there was no conspiracy between petitioner's counsel and the state officials to defeat petitioner's right of appeal and, on that basis, affirmed the judgment. State v. Noble, Mo. 1965, 387 S.W.2d 522.

Before the 1967 change in Missouri's rule of appellate review this Court anticipated the problems presented by the Supreme Court of Missouri's former practice of considering Rule 27.26 appeals de

[1]. Crosswhite v. State, Mo.1968, 426 S.W. 2d 67, reflects the basic change made in Missouri procedure by the repeal of former Rule 28.05 and the 1967 amendment of Rule 27.26 by the Supreme Court of Missouri. That case points out that Amendment Rule 27.26(j) limited the scope of appellate review "to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." The scope of appellate review of the Supreme Court of Missouri of a 27.26 motion now, as stated in Crosswhite, "corresponds to the appellate review of federal postconvictions under § 2255, Title 28, U.S.C." That case emphasized that such a rule "presupposes, of course, that the trial court has conducted an evidentiary hearing when required by Rule 27.26 and that it has made the necessary findings and conclusions pursuant to Rule 27.26(i)." Crosswhite, together with State v. Stidham, Mo. en banc, 1967, 415 S.W.2d 297, makes it apparent that cases involving the obvious and inherent difficulties presented by Missouri's former de novo appellate procedure will not arise in future cases.

*novo.* In White v. Swenson, (W.D.Mo. en banc 1966) 261 F.Supp. 42, 58, we stated:

> If the trial court should grant a full and fair evidentiary hearing but (a) fail of record reliably to find the facts; or (b) fail of record to enunciate and apply currently applicable federal constitutional standards, but the Supreme Court of Missouri, in the exercise of its *de novo* power of review, supplies those deficiencies in its opinion on the merits, this Court will accept the findings of fact reliably found in the Supreme Court of Missouri's opinion on the merits as though such facts had been reliably found by the trial court as apparently contemplated by Missouri Rule 27.26.

Pursuant to the command of Townsend v. Sain, supra, we added:

> It must be understood that "although the [United States] district judge may, where the state court has reliably found the relevant facts, defer to the state court's findings of fact, he may not defer to its findings of law," and that "it is the [United States] district judge's duty to apply the applicable federal law to the state court fact findings independently" (Townsend v. Sain, 372 U.S. at 318, 83 S.Ct. at 760, 9 L.Ed.2d 770). Both the state and the lower federal courts are under a duty to apply the law as determined by the Supreme Court of the United States and it should not be anticipated that different views of that law will be expressed by those court systems. (261 F.Supp. 58–59).

 We find that the Supreme Court of Missouri exercised its power of *de novo* review and that it reliably found the facts as stated in its opinion in State v. Noble, supra. We make this finding as a result of our independent study of the transcript of the hearing before Judge Blair, the exhibits attached thereto and the opinion of the Supreme Court of Missouri in petitioner's 27.26 proceeding. We further find that petitioner was afforded a full and fair evidentiary hearing on the contention presented in his Rule 27.26 motion. Deferring to the Missouri Supreme Court's findings of fact and applying the federal law independently, we find and determine that petitioner was not unconstitutionally denied his right of appeal by a conspiracy between his court-appointed attorney, the Prosecuting Attorney, and the officials of the Missouri State Prison.

## II.

 Petitioner attempts to raise a second question not heretofore properly presented to the Missouri courts. In his brief in this Court petitioner contends that "even if the alleged conspiracy did not exist, petitioner was pressured into abandoning his right to appeal by means which violate his constitutional rights." In particular, he asserts that "it is possible that the State of Missouri in the operation of Missouri State Prison, has coerced petitioner into giving up his right to appeal." (Brief of petitioner on necessity of evidentiary hearing, p. 6).

Examination of the transcript of petitioner's hearing and the official state report of petitioner's 27.26 appeal establishes that this is the first time petitioner has asserted any such federal constitutional claim.

Obviously, the courts of Missouri have never determined such a claim on the merits. Such claim and all other new factual and new legal claims concerning the deprivation of petitioner's constitutional rights must be exhausted by motion in the committing court under Rule 27.26 and by appeal therefrom of any adverse decision to the Missouri Supreme Court before this Court will exercise its habeas corpus jurisdiction. See Baines v. Swenson (8th Cir. 1967) 384 F.2d 621; White v. Swenson, supra.

For the above stated reasons, it is

Ordered that, as to those allegations presented to this Court after full exhaustion of the available state remedies, the relief sought in the petition for writ of habeas corpus should be, and is hereby, denied; it is further

Ordered that, as to petitioner's allegations set forth in Part II above, the petition for writ of habeas corpus be, and is hereby, dismissed in order that petitioner may first exhaust his available state court remedies.