**STATE of Missouri, Respondent,**

v.

**Leon Claude FRITZ, Appellant.**

**No. 53299.**

Supreme Court of Missouri,
Division No. 1.

July 8, 1968.

---

Norman H. Anderson, Atty. Gen., J. Steve Weber, Asst. Atty. Gen., Jefferson City, for respondent.

J. Whitfield Moody, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

WELBORN, Commissioner.

Appeal from denial, without hearing, of motion, under Supreme Court Rule 27.26, V.A.M.R., to set aside judgment of conviction for burglary.

The appellant, Leon Claude Fritz, was charged, under the Habitual Criminal Act, with burglary in the first degree, by information in the Jackson County Circuit Court. A jury found him guilty of burglary in the second degree and he was sentenced to ten years' imprisonment. The judgment was affirmed upon appeal to this court. State v. Fritz, Mo.Sup., 379 S.W.2d 589.

On April 15, 1967, Fritz, pro se, filed a motion under Rule 27.26, in the Jackson County Circuit Court, to set aside the judgment. On April 20, 1967, the trial court entered an order permitting the petitioner to proceed in forma pauperis. Mr. J. Arnot Hill of the Public Defender's Office was, by the order, appointed to represent the petitioner.

According to the court's findings in this case, the trial court's attention was subsequently called to the order of the court en banc in State v. Stidham, 415 S.W.2d 297, and the court instructed Mr. Hill to have petitioner file an amended motion on the form prescribed by amended Supreme Court Rule 27.26, V.A.M.R. On August 11, 1967, an amended motion on such form was filed.

Part 8 of the form, requiring the applicant to state concisely all grounds for vacating the conviction, was filled in as follows:

"(a) The Trial Court erred in overruling Defendant's objection to Trial on May 28, 1963, upon the grounds of insufficient notice to defendant of the Amendment

"(b) That the Court erred in overruling defendant's 'Motion for Judgment of Acquittal'

"(c) The evidence was not sufficient to Sustain defendant's conviction of Burglary in the Second Degree.

"(d) Defendant was denied Due Process of Law As Guaranteed by the Fourteenth Article of the Constitution of the U. S."

Part 9, calling for the facts to be stated claimed to support the grounds set out in Part 8, was answered by reference to "Defendant's Appendix 'J', 'K', 'L' and 'M'." The transcript here contains no such appendices and appellant's brief states that no appendix was attached to the amended motion. (There were appendices to the original motion, but none designated Appendix "J", "K", "L" or "M".)

On August 14, 1967, the trial court entered an order denying the petition. The findings recite that "Mr. Hill has examined the petition." The court then recited the grounds for relief as set out above and concluded that all of the contentions of the petitioner were answered by the case of State of Missouri v. Fritz, supra. On such basis the motion was denied. This appeal followed.

At the oral argument here, counsel for petitioner acknowledged that he had not discussed with the petitioner, by letter or otherwise, the amended motion on which the trial court ruled. According to counsel, he anticipated that the motion would be set down for hearing and the petitioner brought to Kansas City for such hearing. Counsel planned to discuss the motion with petitioner at that time.

On this appeal, the petitioner's brief acknowledges that certain of the grounds stated in the motion were decided in State v. Fritz, supra. On the due process allegation, the brief acknowledges that no facts are set out in support of the allegation. However, the brief states that the allegation "is unquestionably based on the cumulative facts that the trial court refused to give him a continuance to meet the new allegations contained in the amended information filed on the date of his trial, that the court failed to sustain his motion for a Judgment of Acquittal filed during the trial, that the evidence presented against him at the trial was not sufficient to sustain his conviction of Burglary in the second degree, plus the fact that appellant was not personally present on the 14th day of October, 1963, when the Trial Court entered a Nunc Pro Tunc Order correcting the original order entered on the 26th day of June, 1963, to read Burglary Second Degree, instead of Burglary First Degree (Tr. 30–34) and that Police Officer Thomas Andrew who testified as a State's witness against him during his trial either perjured himself or at least drew heavily upon his imagination when he testified * * *." Although the amended motion lends some support for this conclusion, we have difficulty in accepting the conclusion, without question, in view of the fact that there has been no communication from the petitioner as to just what objections he sought to present.

In an effort to improve the effectiveness of the remedy provided under our Rule 27.26, an amended version of the rule was promulgated January 9, 1967, to become effective September 1, 1967. Although the amended rule had not become effective when the petition here involved was before it, the court was aware of the application of the amended procedure in State v. Stidham, prior to the effective date of the amended rule, and chose to follow that practice.

In the Stidham case, the court stated (415 S.W.2d 298 [2]):

"The amended rule was adopted after considerable study and is intended to provide a post-conviction procedure in accord with the principles enunciated in the so-called trilogy of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. Further in keeping with the teachings of the trilogy, the amended rule is designed to discover and adjudicate all claims for relief in one application and avoid successive motions by requiring motions to be in questionnaire form and by providing for the appointment of counsel if the motion presents questions of law or issues of fact and the movant is shown to be indigent."

To us, it is obvious that "all claims for relief" may not be adjudicated in a case in which the grounds of the claim do not appear.

The amended motion, on its face, was incomplete, but the trial court, apparently without any attempt to obtain the assistance of previously appointed counsel in completing the motion, undertook to act upon the motion summarily. The action taken could not constitute an effective adjudication of whatever claim petitioner might have had, nor would our passing upon what we or others might now speculate to have been the basis for the claim.

We, therefore, set aside the order below and remand the matter to permit the filing of an amended motion and for such further proceedings thereon as may be

called for under Supreme Court Rule 27.26, V.A.M.R.

Reversed and remanded.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.