Leon Claude FRITZ, Petitioner,

v.

Harold R. SWENSON, Warden,
Respondent.

No. 1338.

United States District Court
W. D. Missouri,
Central Division.

Aug. 6, 1968.

Leon Claude Fritz, pro se.

Norman H. Anderson, Atty. Gen., State of Missouri, Jefferson City, Mo., for respondent.

## MEMORANDUM OPINION AND ORDER

JOHN W. OLIVER, District Judge.

Petitioner, an inmate in the Missouri Penitentiary, petitions for federal habeas corpus and for leave to proceed *in forma pauperis.* Leave to proceed *in forma pauperis* will be granted.

The petition alleges that a sentence of ten years was imposed on June 26, 1963 by the Circuit Court of Jackson County, Missouri, for first degree burglary. The petition also makes apparent that the committing trial court denied petitioner's Missouri Supreme Court Rule 27.26, V.A.M.R. motion on August 14, 1967 and that an appeal from that denial was taken to the Supreme Court of Missouri.

In the same mail that petitioner's petition for federal habeas corpus was forwarded from the Central Division of this Court in Jefferson City, Missouri, we received a copy of the opinion of the Supreme Court of Missouri setting aside the trial court's denial of petitioner's Rule 27.26 motion. That opinion remanded the case to the trial court to permit the filing of an amended motion and for further appropriate proceedings pursuant to Rule 27.26.

It is obvious that petitioner has not exhausted his available state post-conviction remedies and that his petition

for federal habeas corpus should therefore be denied. It is appropriate, however, to add a word to note that the opinion of the Supreme Court of Missouri in State of Missouri v. Fritz, Mo. Sup.Ct.Div. 1, 1968, 429 S.W.2d 699, is an extremely important and most helpful supplement to cases decided by that court in implementation of amended Missouri Rule 27.26.

In Garton v. Swenson, (W.D.Mo.1967) 266 F.Supp. 726, we noted that it was "the considered judgment of all the judges of this Court that Missouri's Amended Rule 27.26 represents the most enlightened postconviction procedure of any state with which we are familiar." In other cases we have directed attention to the enlightened decisions of that court in State v. Stidham, Mo.Sup.Ct. en banc 1967, 415 S.W.2d 297, and in Crosswhite v. State, Mo. Sup.Ct.Div. 2, 1968, 426 S.W.2d 67.

In *Stidham*, the Supreme Court of Missouri made clear that if a state trial court attempted to rule a postconviction motion without holding a full evidentiary hearing when required, without making adequate and reliable findings of fact and without appropriate articulation of applicable standards in stated conclusions of law, the case would be promptly remanded to the trial court for further appropriate proceedings pursuant to amended Rule 27.26. *Stidham* also made clear that the amendment of Rule 27.26 was "intended to provide a postconviction procedure in accordance with the principles enunciated in the so-called trilogy of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148, Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L. Ed.2d 770." That case emphasized that "in keeping with the teachings of the trilogy, the amended rule is designed to discover and adjudicate all claims for relief in one application and avoid successive motions."

In *Crosswhite* the Supreme Court of Missouri determined that the scope of its appellate review of a postconviction motion "corresponds to the appellate review of federal postconviction under § 2255," and explained that the adoption of that rule "presupposes, of course, that the trial court has conducted an evidentiary hearing when required by Rule 27.26 and that it has made the necessary findings and conclusions pursuant to Rule 27.26(i)."

The importance of State of Missouri v. Fritz lies in the recognition of the Supreme Court of Missouri that neither successive motions nor later evidentiary hearings in the state and federal courts can be avoided unless counsel for a Rule 27.26 movant adequately investigates, prepares and presents all postconviction claims for relief in the first evidentiary hearing ordered under that rule. Paragraph (h) of Rule 27.26 explicitly provides that "counsel shall have the duty to ascertain from the prisoner whether he has included all grounds known to the prisoner as a basis for attacking the judgment and sentence and to amend the motion to include any claims not already included."

State of Missouri v. Fritz properly emphasizes that counsel's duty may not be discharged in a *pro forma* manner and that the effective adjudication of whatever claim a particular petitioner might have can not be made in a single evidentiary hearing unless the state trial courts require that movant's counsel comply with both the spirit and the letter of paragraph (h) of Rule 27.26.

■ It is apparent that counsel for the movant in *Fritz* had not interviewed his client or otherwise investigated the facts of the case. Counsel told the Supreme Court of Missouri that he had planned to discuss the motion with the movant when it was somehow set for hearing and when the petitioner was brought to Kansas City from the penitentiary. It is obvious that counsel for a Rule 27.26 movant cannot be adequately prepared to represent his client unless he prepares for the hearing in the same manner counsel prepare other cases for

trial. The claims of the movant must be ascertained by correspondence or by personal interview sufficiently in advance of the hearing in order that appropriate investigation of the facts, including the interviewing of witnesses, may be made well in advance of the day of hearing. Counsel simply cannot comply with Rule 27.26(h) unless this is done. Failure to comply with that rule means that the state trial court will most likely be forced to hold more than one evidentiary hearing. The prime objective of Rule 27.26(h) would thus be defeated. *Fritz* appropriately stated that:

> To us, it is obvious that "all claims for relief" may not be adjudicated in a case in which the grounds of the claim do not appear.

> The amended motion, on its face, was incomplete, but the trial court, apparently without any attempt to obtain the assistance of previously appointed counsel in completing the motion, undertook to act upon the motion summarily. The action taken could not constitute an effective adjudication of whatever claim petitioner might have had, nor would our passing upon what we or others might now speculate to have been the basis for the claim.

> We, therefore, set aside the order below and remand the matter to permit the filing of an amended motion and for such further proceedings thereon as may be called for under Supreme Court Rule 27.26, V.A.M.R.

This Court again commends the Supreme Court of Missouri for adding still another case in implementation of what continues to represent the most enlightened postconviction procedure of any state in the nation.

State of Missouri v. Fritz goes to the heart of the only manner in which piecemeal postconviction litigation can be avoided. We are confident that the trial judges of the State of Missouri, under the guidance and leadership of the Supreme Court of Missouri, will continue to make proper application of Missouri postconviction procedures in a manner that will obviate the necessity of any additional evidentiary hearings in either the state or federal courts of this state.

For the reason stated, it is

Ordered that petitioner be, and he is hereby, granted leave to proceed *in forma pauperis*. It is further

Ordered that this cause be and the same is hereby dismissed without prejudice.