**LeRoy FRANKUM, Petitioner,**

v.

**Harold R. SWENSON, Warden, Respondent.**

**No. 1326.**

United States District Court
W. D. Missouri,
Central Division.

Aug. 6, 1968.

Robert G. Duncan, Kansas City, Mo., for petitioner.

Norman H. Anderson, Atty. Gen. of Missouri, B. J. Jones, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM OPINION AND ORDER

OLIVER, District Judge.

Petitioner, a prisoner in the Missouri Penitentiary, petitions for federal habeas corpus and for leave to proceed *in forma pauperis*. Leave to proceed *in forma pauperis* will be granted. We state the reasons for our dismissal without prejudice more fully than usual because of the notice we take of the recent decision of the Supreme Court of Missouri in State of Missouri v. Fritz, Mo. Sup. Ct. Div. 1, 1968, 429 S.W.2d 699.

The petition for federal habeas corpus alleges that an eight year sentence for statutory rape was imposed by the Circuit Court of Scott County, Missouri on September 17, 1964. In paragraph 9a of that petition, petitioner alleged that he was "persuaded to plead guilty." In paragraph 10a he alleged that "I entered a plea of guilty to what I believed was a

charge of incest but was sentenced and a judgment of conviction was entered on a charge of rape." And in paragraph 11a, he alleged that at the time of his plea of guilty no inquiry was made "as to whether or not I understood the nature and cause of the charges against me and no effort [was made] to ascertain that my plea was voluntary to the charge of statutory rape." Those allegations present an obvious federal question.

The papers filed pursuant to our show cause order show that on October 27, 1965, petitioner filed a motion to vacate judgment and sentence in the Circuit Court of Scott County, Missouri, pursuant to Missouri Supreme Court Rule 27.26, V.A.M.R., as it then existed. In that state postconviction motion, petitioner alleged, among other things, that he had been "subjected to threats and coercion, made by Charles Matthews and Eddie Micheals, respectively, assistant prosecuting attorney and deputy sheriff of Scott County, Missouri," and that "said threats were first uttered by Charles Matthews stating that if Movant did not enter a plea of guilty he would get the gas chamber, of which statement was confirmed by the said Eddie Micheals." Petitioner specifically alleged that "such threats induced fear and amounted to coercion, thus, compelled your Movant to enter a plea of guilty to the offense alleged." The same federal question subsequently alleged in the federal habeas corpus petition was thus presented in petitioner's state postconviction motion.

In another portion of his 27.26 motion, petitioner alleged that "one may strongly suspicion that Movant's court appointed attorney was an incompetent lawyer, a lawyer who failed to investigate the records and facts of the case, a lawyer who advised his client to plead guilty to a crime not charged in the information." It is thus apparent that at least one additional federal question might be presented in a subsequent postconviction proceeding unless appropriate attention is given that possible question in the same evidentiary hearing in which the coerced plea question is litigated. See Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). Eventual litigation of the potential federal question concerning ineffective assistance of counsel can not be avoided, at least so far as the federal forum is concerned, by a state determination that petitioner "waived" his right to raise such a question under the circumstances presented by this case. The determination of a question of waiver is a federal question and is controlled by the principles established in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).[1]

The papers also show that on November 29, 1965, the state committing court appointed the same counsel to represent petitioner in connection with his motion to vacate as had been appointed to rep-

[1]. From what we have stated in the text, it should be clear that we have not overlooked that petitioner, a layman, stated in his Rule 27.26 motion that "it's not raised herein that said attorney failed in his obligation to the accused." As recently pointed out in State of Missouri v. Fritz, supra, Missouri Supreme Court Rule 27.26(h), as amended in 1967, places an affirmative duty upon counsel appointed to represent an indigent in connection with a motion filed pursuant to that amended rule "to ascertain from the petitioner whether he has included all grounds known to the petitioner as a basis for attacking the judgment and sentence and to amend the motion to include any claims not already included."

The fact that a lay petitioner might be of the opinion that a federal constitutional question is not presented does not relieve his counsel from his duty to adequately investigate the facts and to appropriately amend the 27.26 motion to include any and all postconviction claims so that the same may be adjudicated in a single evidentiary hearing and thus avoid piecemeal litigation. Such is the obvious purpose of 27.26(h).

Failure to comply with the spirit and letter of Rule 27.26 as amended inevitably leads to further postconviction proceedings in both the state and federal courts.

resent petitioner in the trial of the original criminal case. On December 2, 1965 that counsel was relieved and new counsel appointed to represent petitioner in connection with his 27.26 motion. Neither of petitioner's 27.26 counsel prepared any amendments to the *pro se* motion filed by the petitioner.

■ On May 13, 1966, a hearing was held in the state committing court. The transcript of that hearing shows that petitioner had been brought from the penitentiary the morning of the hearing. The time within which petitioner's counsel could have investigated and thereafter filed any appropriate amendment was therefore limited. Petitioner testified briefly at the hearing. His testimony that tended to support his claim that his plea of guilty had been induced by fear was stricken by the trial court pursuant to an objection that inquiry could not be made as to the "guilt of the man" in a postconviction proceeding. While counsel who had represented petitioner briefly in the magistrate court but not at the time of the guilty plea testified briefly, neither petitioner's trial counsel, the assistant prosecuting attorney nor the deputy sheriff specifically identified in petitioner's 27.26 motion were called as witnesses. The evidentiary hearing conducted under old Rule 27.26 did not comply with the command of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963) and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148 (1963).

■ The trial court entered an order on July 28, 1966 in which only general findings and general conclusions of law were stated. Petitioner's Rule 27.26 motion was denied. The Supreme Court of Missouri affirmed that denial in State v. Frankum, Mo.Sup.Ct. Div. 1, 425 S.W. 2d 183.

Neither the state trial court nor the Supreme Court of Missouri made adequate findings of fact to which a federal court may defer under the teaching of the trilogy. See and compare Noble v. Swenson (W.D.Mo.1968), 285 F.Supp. 385, decided June 17, 1968.[2]

■ The question of whether this Court is legally required to exercise its habeas corpus jurisdiction to the end that it immediately set this case for evidentiary hearing is presented. We now state the reasons why we believe we should not do so.

The brief filed on behalf of petitioner in the Supreme Court of Missouri on the appeal from the denial of petitioner's Rule 27.26 motion relied on points that only peripherally put in focus the federal constitutional question of the voluntariness of petitioner's plea. Except for the citation of the Fourteenth Amendment of the Constitution of the United States, petitioner's counsel relied solely upon state statutes and state cases.

Although petitioner's federal claim concerning the voluntariness of his guilty plea was clearly apparent on the face of his *pro se* 27.26 motion, and although the trial court generally stated in its order that "the defendant was not threatened or intimidated," the attention of the Supreme Court of Missouri was not fairly focused on the federal question presented by petitioner's claim of coerced plea. In light of almost routine handling of other cases with which we are familiar, we are confident that had petitioner's counsel put petitioner's federal claim in proper focus, the Supreme

---

2. In *Noble*, we noted the impact of Crosswhite v. State, Mo.Sup.Ct. Div. 2 1968, 426 S.W.2d 67, on the scope of appellate review of postconviction motions filed pursuant to amended Rule 27.26. The state trial court, of course, processed petitioner's postconviction motion under old Rule 27.26 and obviously did not have the benefit of either *Crosswhite* or *Fritz*.

Nor did that court have the benefit of State v. Stidham, Mo. en banc 1967, 415 S.W.2d 297. All three of the Supreme Court of Missouri cases cited in this footnote materially implemented new Rule 27.26 and must be read and properly applied if the declared purpose of that rule is to be realized.

Court of Missouri would have promptly remanded the case to the trial court for more adequate action by petitioner's 27.-26 counsel and for a more extensive evidentiary hearing in accordance with the teaching in *Stidham, Crosswhite,* and *Fritz.*

Piecemeal postconviction litigation cannot be avoided in this particular case unless full investigation of the facts concerning the potential question of effective assistance of counsel is made prior to the holding of a more adequate evidentiary hearing. If investigation of those facts makes the filing of an amended motion appropriate, all evidence concerning that separate question may be adduced at the same hearing that evidence is adduced in connection with petitioner's coerced plea claim and any and all other claims he may wish to make.

Only by following the procedure required by amended Rule 27.26(h) as implemented by *Fritz* may reliable findings of fact and appropriate conclusions of law be made and articulated in the state court concerning *all* possible questions in a single hearing.

If the effective assistance of counsel question, for example, that may be presented in this case is not fully investigated, evidence concerning the same adduced, and adjudication made at the same evidentiary hearing in which the question of the voluntariness of petitioner's plea of guilty is litigated, it is obvious that petitioner has the right to litigate the former question in a second state postconviction proceeding. Sanders v. United States, supra. Avoidance of such piecemeal postconviction litigation is the explicit objective of the amendment made by the Supreme Court of Missouri to its Rule 27.26 in accordance with the teaching of the trilogy.

Consistent with this Court's en banc decision in White v. Swenson (W.D.Mo. en banc 1966) 261 F.Supp. 42, the Court of Appeals for the Eighth Circuit in Baines v. Swenson (8th Cir. 1967) 384 F.2d 621, and Collins v. Swenson (8th Cir. 1967) 384 F.2d 623, noted that the federal courts have been "ever mindful of the rules of comity and the 'exigencies of federalism' which persuade the federal judiciary to stay its hand for purposes of allowing the state courts every opportunity to administer their criminal laws and procedure in a light becoming to current constitutional standards applicable to the States under the Fourteenth Amendment."

Those two recent Court of Appeals cases authorize federal districts sitting in Missouri to afford the state courts still another opportunity to comply with the requirements of the trilogy under amended Rule 27.26, in much the same manner that earlier opportunity was afforded in regard to Rule 27.26 before it was amended. See Mahurin v. Nash (8th Cir. 1963) 321 F.2d 662, cert. denied Mahurin v. Missouri, 375 U.S. 977, 84 S.Ct. 497, 11 L.Ed.2d 422, and Donnell v. Nash, 8th Cir. 1963, 323 F.2d 850, cert. denied 376 U.S. 924, 84 S.Ct. 686, 11 L.Ed.2d 619. Those cases took note of the Supreme Court of Missouri's description of amended Rule 27.26 in State v. Maxwell, Mo.Sup.Ct. Div. 2, 1967, 411 S.W.2d 237, that stated that a radical change in Missouri's postconviction procedures was effected by its 1967 amendment of Rule 27.26. We are confident that under what must be considered as a new postconviction procedure petitioner's postconviction counsel will fully discharge the duties imposed on him by Rule 27.26(h) as implemented by *Fritz,* and that the committing court will proceed to hear an amended motion filed in accordance with amended Rule 27.26 as implemented by *Stidham* and *Crosswhite.*

The Missouri judiciary, both appellate and trial, has more effectively than any other State in the Union implemented its recognition that the answer to possible conflict between state and federal courts lies in improvement of state postconviction procedures which, when properly administered, comply with the commands of the trilogy. By its amendment of Rule 27.26 and by the consistent

implementation of that rule by decisions such as *Stidham, Crosswhite* and *Fritz,* the Supreme Court of Missouri has established a state postconviction procedure under which, if followed by the state trial courts and by counsel representing postconviction movants, the requirements of the trilogy will be satisfied and federal court evidentiary hearings avoided.

So far as this particular case is concerned, we are confident that the new procedures commanded by amended Rule 27.26 will be followed to the end that all possible claims for relief, both state and federal, will be included in a new Rule 27.26 motion and that all available evidence will be adduced in the state trial court concerning such claims. We are likewise confident that the state trial judge will apply the teaching of *Stidham* to the end that appropriate specific findings of fact and conclusions of law will be made and stated in connection with any order made granting or denying relief.

If an appeal is taken from the state trial court's order, the Supreme Court of Missouri will review the case in accordance with the rule established in *Crosswhite.* The only occasion under which petitioner would again seek to invoke federal habeas corpus jurisdiction would be in the event the Supreme Court of Missouri should affirm a denial of relief in the state trial court. Should that occasion arise, any necessity for an evidentiary hearing in the federal court would be most unlikely because this Court would be in a position to defer to and to accept the findings of fact reliably found by the state trial court which the Supreme Court of Missouri would have necessarily determined to be not clearly erroneous. We know of no federal court in any district in the United States that has ever refused to accept state court factual findings that were reliably made in accordance with the command of the trilogy. Certainly, this Court's consistent effort to defer to findings of fact made by the Missouri courts is amply demonstrated by cases such as Noble v.

Swenson, supra, and the cases therein cited. For the reasons stated, it is

Ordered that petitioner be, and he is hereby, granted leave to proceed *in forma pauperis.* It is further

Ordered that this cause should be and is hereby dismissed without prejudice in order to afford petitioner the right to exhaust his available state court postconviction remedies pursuant to Amended Missouri Rule 27.26.