**Billy Gene TURNER, Plaintiff,**

v.

**H. Ross VANCE, Sheriff, et al., Defendants.**

**No. 1339.**

United States District Court
W. D. Missouri,
Central Division.

Aug. 14, 1968.

Billy Gene Turner pro se.

Norman H. Anderson, Atty. Gen., State of Missouri, Howard L. McFadden, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

Plaintiff, an inmate of the Missouri Penitentiary, filed *pro se* what he labels a "civil rights tort complaint" against H. Ross Vance, Sheriff of Audrain County, Missouri: A. B. "Arch" Hays, Circuit Clerk of the same county; and James Kirkpatrick, Secretary of the State of Missouri, who is named as "Respondent for the State Board of Probation and Parole, State of Missouri."

 We granted leave to proceed *in forma pauperis*. The Attorney General filed a motion to dismiss. That motion will be granted because it is apparent that plaintiff's complaint must be treated as an application for federal habeas corpus and because available state postconviction remedies have not been exhausted. We discuss the questions presented by the allegations of plaintiff's complaint in some detail in light of the fact plaintiff's claims have already been the subject of considerable controversy and litigation and because

plaintiff's claims will again be litigated in the state courts pursuant to the requirements of Supreme Court Rule 27.26, as amended, V.A.M.R.

The allegations of plaintiff's federal complaint establish that its purpose is to present the question of the legality of plaintiff's detention to this Court for decision, prior to a determination of that question by the state courts.[1]

The allegations of plaintiff's federal complaint, read most broadly in plaintiff's favor, do not present any other question. Any other question that could be said to be presented must be held to be frivolous. We therefore treat plaintiff's complaint as an application for federal habeas corpus.

Plaintiff's complaint presents the question of whether the Circuit Court of Audrain County imposed on plaintiff concurrent or consecutive sentences on March 24, 1965. Plaintiff contends that two 2-year sentences then imposed by that court were in fact imposed to run concurrently with each other and were also imposed to run concurrently with still another 2-year sentence imposed on plaintiff by the Circuit Court of Marion County on March 20, 1965. Plaintiff alleges he was placed on 2-year probation by both courts in regard to all three sentences and that he successfully served that 2-year period of probation before any effort was made to revoke the probation granted. Plaintiff alleges that it must be said as a matter of law that he fully served all three sentences by allegedly successfully serving his 2-year period of probation and that therefore it must be held that his present confinement is unlawful.

Plaintiff further alleges as a separate question that in any event the proceeding by virtue of which his probation was revoked violated the federal constitutional principles established by Mempa v.

---

1. In a letter dated April 10, 1968, to the lawyer who apparently represented him in connection with one of his earlier state postconviction proceedings, he stated that "as I mentioned to you when I was in Mexico [Missouri] on the first of April, I wanted you to file me a writ of habeas corpus * * * and if this doesn't work then we will have to try another remedy."

Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L. Ed.2d 336 (1967), and other cases which he cites in his complaint.

The copies of various court records attached both to plaintiff's complaint and to the Attorney General's motion to dismiss reveal why a considerable amount of confusion has apparently existed in regard to the sentences imposed on plaintiff. Our discussion of those records does not indicate any view in regard to the questions of fact presented. We discuss those records for the sole purpose of putting in focus some of the questions of fact that must be determined at the evidentiary hearing that will be held in the state trial court. We are confident that should such factual questions be again presented to this Court in some future federal postconviction proceeding that the state courts in the meantime will have made appropriate reliable findings of fact to which we may defer. We are confident that the state courts will make explicit findings of fact that will put at rest the questions that have arisen in connection with the various sentences imposed on plaintiff and in connection with exactly what procedures were followed at the time plaintiff's probation was revoked.

Documents now before the Court show, for example, that page No. 161 of the Parole Record for the Circuit Court of Audrain County, apparently prepared by the Clerk rather than the Judge of that court, contained language that stated that the "last two year term [of at least one of the Audrain County sentences] to run *consectively* [sic] and to run concurrently with sentence imposed upon the defendant in Marion County on March 20, 1965." (emphasis added). Another notation on that page of the Parole Record states that one of the sentences imposed in Audrain County was "to run *consectively* [sic] with first case and to run concurrently with Marion." (emphasis added). The Clerk of the Circuit Court of Audrain County advised the Attorney General on May 2, 1968 that those statements did not accurately reflect the orders actually made by the Judge and that the Parole Record should be corrected to read that plaintiff "was sentenced to 2 years in the Department of Corrections. Last two year term to run *concurrently* with sentence imposed upon the defendant in Marion County, on March 20, 1965." (emphasis added). The questions of who wrote the original entry, who directed the entry to be made in the form in which it was made, and the question of the power of the Clerk to "correct" such an entry are questions that we anticipate will be clarified by the state court findings of fact.

The docket sheets in the handwriting of the Judge of the Circuit Court of Audrain County attached to the Attorney General's motion to dismiss, for further example, tend to place in issue the accuracy of the Clerk's "correction" of the Parole Sheet. The Judge's handwritten notes indicate that the 2-year sentence imposed in No. 10,309 was to run consecutively, rather than concurrently with the sentence imposed in No. 10,310, and that only the latter sentence was to run concurrently with the sentence imposed on March 20, 1965 by the Circuit Court of Marion County. The Judge's notes in Case No. 10,309 stated that defendant was "sentenced to two years according to law said sentence to commence upon the lawful termination of similar sentence imposed in cause #10,-310, but to run concurrently with sentence imposed on dft. in Marion County on 3–20–65." The Judge's notes in No. 10,310 show that defendant was "sentenced to two years according to law said sentence to run concurrently with sentence imposed against dft. in Marion County on 3–20–65."

Because we have determined not to exercise jurisdiction we have not made inquiry into the questions of what, if any, formal orders were entered, what was stated on plaintiff's commitment papers, who prepared those papers, whether they were prepared under the Judge's direction or whether the Clerk merely filled out a form. We anticipate that the state court will make appropriate findings of facts in regard to those and oth-

er questions to which, if it becomes necessary, this Court will be able to defer.

Plaintiff's primary claim is predicated on his contention that "the probation period [granted by the Circuit Court of Audrain County] ended no later than March 24, 1967." The allegations of his complaint, however, present at least one additional federal question. Evidence must be received, appropriate findings of fact and conclusions of law must be made in connection with that question under the command of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); and Missouri Supreme Court Rule 27.26, as amended. In other words, an adjudication that the Audrain County sentences were to be served consecutively merely places in focus plaintiff's secondary claim that his probation was illegally terminated.

Plaintiff alleges in that regard that "on the morning of March 31, 1967 [he] was taken out of the Audrain County jail at Mexico, Missouri, without trial or charge, and without a judicial hearing of any type, where he was then taken to the Missouri State Penitentiary at Jefferson City, Missouri, and was then and there illegally incarcerated by means of extra-judicial committment papers."

Plaintiff's proclivity for litigation suggests that he may have still other claims in addition to those we have outlined. We are confident that the state trial court will require counsel appointed to represent plaintiff to confer with plaintiff well in advance of the Rule 27.-26 hearing so that all possible claims for relief will be fairly presented and fully adjudicated in a single evidentiary hearing. See State of Missouri v. Fritz, (Mo.Sup.Ct.1968) 429 S.W.2d 699, and Frankum v. Swenson, (W.D.Mo.1968), 288 F.Supp. 100. See, also Fritz v. Swenson, (W.D.Mo.1968), 287 F.Supp. 707.

As we stated at the outset, plaintiff has not exhausted his available state court postconviction remedies. Plaintiff alleged that he was granted appropriate relief in the Circuit Court of Marion County pursuant to Rule 27.26 but that the Circuit Court of Audrain County denied plaintiff's Rule 27.26 motion on October 13, 1967.

A copy of an order of the Supreme Court of Missouri entered June 26, 1968 is attached to the Attorney General's motion to dismiss. That order reversed the order denying plaintiff's Rule 27.26 motion. The Supreme Court of Missouri therein stated that the state trial court had made "no findings of facts or conclusions of law, as required by Supreme Court Rule 27.26 (i)" and that "on the basis of the record made in the trial court * * * it is not possible for this court to review the case on appeal in the manner provided in Supreme Court Rule 27.26 (j)." The Supreme Court of Missouri therefore remanded the case "for further proceedings in accordance with Rule 27.26, as amended."

That action of the Supreme Court of Missouri is consistent with the command of the trilogy of Townsend v. Sain, Fay v. Noia, and Sanders v. United States. Plaintiff will be granted an appropriate evidentiary hearing in the state trial court. State of Missouri v. Fritz, supra, insures that he will receive the effective assistance of counsel in order that all his claims, both state and federal, be properly presented for adjudication in the state courts. There is no occasion for this Court to act until that is done.

We therefore find and determine that the available state court postconviction remedies are both adequate and effective to test the legality of plaintiff's detention. For the reasons stated, it is

Ordered that plaintiff's civil, rights tort complaint be treated as an application for federal habeas corpus. It is further

Ordered that said application should be and is hereby denied.