Edward Hooker PENNINGTON, II, Petitioner,

v.

Bill ARMONTROUT, Respondent.

No. 86–0109–CV–W–1.

United States District Court, W.D. Missouri, W.D.

April 28, 1987.

Edward Hooker, Pennington, II, pro se.

William Webster, Missouri Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDERS

JOHN W. OLIVER, Senior District Judge.

### I.

The Court, at long last, has sufficient documentary evidence before it to rule petitioner's pending Rule 60(b) motion and to enter orders directing further proceedings in this State prisoner habeas corpus case. The response filed by the Attorney General on April 14, 1987 attached a copy of the petitioner's Rule 30.03 motion which was denied by the Missouri Court of Appeals, Western District, on March 4, 1987.[1]

Respondent, however, failed to attach the five exhibits that were attached to petitioner's *pro se* Rule 30.03 motion. In order to avoid further delay, this Court requested the Clerk of the Missouri Court of Appeals to provide this Court with those exhibits. We express our appreciation for the Clerk's prompt compliance with that request. The exhibits attached to petitioner's Rule 30.03 motion and the other documentary evidence before the Court is sufficient to establish the procedural history in regard to petitioner's efforts to exhaust his available State court postconviction remedies and to enter an appropriate order under the circumstances.

### II.

The documentary evidence and records now before the Court show that petitioner filed a *pro se* Rule 27.26 motion in the Circuit Court of Jackson County, Missouri on June 14, 1985. That motion alleged in conclusory language two grounds for post-conviction relief: (a) "denial of effective assistance of counsel" and (b) "conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure." *Id.* at 3.

On October 22, 1985, Joseph H. Locascio, Special Public Defender, wrote petitioner a letter which advised him that on "September 3, 1985, Judge Alvin Randall of Division 4 of the Circuit Court of Jackson County, Missouri, appointed me to represent you in the above-referenced 27.26 action." Rule 30.03 Motion, Exhibit A. Rule 27.26(h) defines the duties imposed on counsel appointed to represent a *pro se* prisoner seeking post-conviction relief. Rule 27.26(h) provides that:

When an indigent prisoner files a pro se motion, the court shall immediately appoint counsel to represent the prisoner. *Counsel shall be given a reasonable time to confer with the prisoner and to amend the motions filed hereunder if desired. Counsel shall have the duty to ascertain from the prisoner the facts supporting the grounds asserted in the motion and if those facts are not sufficiently stated in the motion, counsel shall file an amended motion.* Counsel also shall ascertain from the prisoner whether he has included all grounds known to him as a basis for attacking the judgment and sentence and, if not, shall file an amended motion which also sufficiently alleges any additional grounds and the facts in support thereof. (Emphasis added).

Mr. Locascio's October 22, 1985 letter does not suggest that he had conferred with the petitioner "to ascertain from the prisoner the facts," if any, which might

---

1. Petitioner's *pro se* Rule 30.03 motion was allegedly filed in the Supreme Court of Missouri on February 11, 1987. Petitioner also alleged, and the respondent does not deny, that the Supreme Court of Missouri transferred that motion to the Missouri Court of Appeals, Western District, on February 19, 1987 for ruling. It is conceded that the latter court denied petitioner's Rule 30.03 motion on March 4, 1987.

have supported petitioner's conclusory alleged claim of ineffective assistance of counsel before he wrote that letter. Rather, Mr. Locascio's letter advised the petitioner that "I have read your *pro se* motion and the transcript of your jury trial in this case" and that "I can find nothing in the trial of your case to suggest that Kevin Locke [petitioner's appointed trial counsel] provided you ineffective assistance of counsel." Rule 30.03 Motion, Exhibit A.

Mr. Locascio's October 22, 1985 letter focused solely on the search and seizure claim alleged in petitioner's *pro se* Rule 27.26 motion, which had been fully briefed and decided on direct appeal, and stated that petitioner's "complaints concerning the search warrant and supporting affidavit were preserved by Locke and pressed by Anne Hall [petitioner's appointed appellate counsel] on appeal" but that "[u]nfortunately, you lost those legal arguments in Missouri." *Id.* The final paragraph of Mr. Locascio's October 22, 1985 letter stated:

I have not amended your 27.26 motion because I see no legal basis to amend. I do feel you had a decent complaint on appeal, but I must inform you that you cannot now reargue that point in a 27.26 action. Your recourse, should you choose to follow it, is to file a petition for writ of habeas corpus in Federal Court complaining that you are being illegally comfined [sic] based upon a conviction that was obtained by the State of Missouri by their use of evidence illegally seized from your car in violation of the Fourth and Fourteenth Amendments to the United States Constitution. This is the best advice I can give you.

It is thus clear that petitioner's appointed Rule 27.26 counsel correctly advised petitioner that he had exhausted his available State court postconviction remedies in regard to the search and seizure claim alleged in petitioner's *pro se* Rule 27.26 motion. It is also clear, however, that petitioner's appointed Rule 27.26 counsel did not file an amended Rule 27.26 motion that alleged any facts in support of petitioner's *pro se* conclusory allegation of "denial of effective assistance of counsel."

The Honorable Alvin Randall, Judge of the Circuit Court of Jackson County, Missouri, overruled petitioner's Rule 27.26 motion on February 5, 1986. Judge Randall's memorandum in support of his order stated:

An evidentiary hearing is not indicated. Movant makes two complaints: (1) Ineffective assistance of counsel, and (2) illegal search and seizure; but he only states them in general terms. These are conclusions, and do not state a claim on which relief may be granted.

Furthermore, the second complaint was made on appeal, and was denied.

On February 10, 1986, Mr. Locascio wrote petitioner a letter which stated the following:

Please find enclosed a copy of Judge Randall's order of 2/5/86 overruling your Rule 27.26 motion without an evidentiary hearing. As I stated to you in an earlier letter, I do not believe that a 27.26 action is the remedy for you in this case. Taking your arguments to Federal Court is your best bet. Therefore, I assume this is the course of action you will pursue. Unless I hear from you otherwise, I will not be filing any appeal, since it would be a useless gesture.

Petitioner took the advice given him in Mr. Locascio's letter of October 22, 1985 "to file a petition for habeas corpus in Federal Court." That petition was filed on January 28, 1986. Without the benefit of the information revealed by the documentary evidence now before the Court, we accepted the respondent's exhaustion argument and dismissed petitioner's federal habeas corpus petition without prejudice on April 22, 1986.

### III.

Petitioner now returns to this Court after spending a year in an unsuccessful attempt to obtain appellate review of Judge Randall's February 5, 1986 order denying his Rule 27.26 motion. The respondent now contends that petitioner should, without further inquiry, again be sent back to State court to file another Rule 27.26 motion in accordance with the procedures stat-

ed in *Flowers v. State*, 618 S.W.2d 655 (Mo. banc 1981).

We are satisfied by what we now know about this case that such an order should not be entered without first directing further procedures that are designed to establish the extent of petitioner's federal claims.

## IV.

There can be no doubt that petitioner's search and seizure claim was fully exhausted on direct appeal. *See State v. Pennington*, 642 S.W.2d 646 (Mo.1982). The question of whether petitioner really attempted to assert a claim of ineffective assistance of counsel in his *pro se* Rule 27.26 motion presents a more complicated problem. Such a claim was alleged in obviously conclusory language in petitioner's *pro se* Rule 27.26 motion. No amended motion, however, was filed by petitioner's appointed Rule 27.26 counsel which added any factual allegations in support of petitioner's conclusory claim. Rule 27.26(h), which placed the duty on appointed Rule 27.26 counsel "to confer with the prisoner and to amend" a *pro se* motion in order that the amended motion would include "all grounds ... for attacking the judgment and sentence ... and the facts in support thereof," was designed to avoid the problems that are obviously presented by a conclusory allegation contained in a *pro se* Rule 27.26 motion.

That portion of Rule 27.26 was added when the Supreme Court of Missouri amended that rule on January 9, 1967. That amendment was made in light of the experience that an evidentiary hearing will be required in many postconviction proceedings, particularly in regard to the frequently asserted claims of ineffective assistance of counsel. That experience established that most claims of ineffective assistance of counsel involve alleged factual circumstances that are not apparent from the transcript of the trial proceedings. Thus an evidentiary hearing is required in the vast majority of cases in which such a claim is made.

That experience also established that conclusory allegations of ineffective assistance of counsel are frequently made in *pro se* Rule 27.26 motions, often on the advice of a fellow prisoner. Thus Rule 27.26(h) was designed to require an appropriate conference between the prisoner and his appointed Rule 27.26 counsel in order to determine whether there might or might not be a factual basis for including such a claim in an amended Rule 27.26 motion as a ground for postconviction relief.

If, as a result of the required conference, it should be determined that there was no factual basis for a such a claim, the conclusory allegation of ineffective assistance would be deleted from the amended Rule 27.26 motion. If, on the other hand, the conference established that there might be factual support for the claim, those facts would be alleged in an amended Rule 27.26 motion. The burden of proving the alleged facts at the required evidentiary hearing, of course, would rest on the prisoner. The clearly predictable difficulties encountered in this case in regard to petitioner's conclusory allegation of ineffective assistance of counsel would have been avoided if the State trial judge had required appointed Rule 27.26 counsel to follow the clear mandate of Rule 27.26(h) rather than summarily overruling petitioner's motion.

The purpose of Rule 27.26(h) was stated in the Supreme Court of Missouri's landmark decision in *State v. Stidham*, 415 S.W.2d 297, 298 (Mo. en banc 1967). That case noted that:

> The amended rule was adopted after considerable study and is intended to provide a post-conviction procedure in accord with the principles enunciated in the so-called triology of *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, and *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. Further in keeping with the teachings of the trilogy, the amended rule is designed to discover and adjudicate all claims for relief in one application and avoid successive motions.[2]

2. Chief Judge Becker of this Court analyzed the three Supreme Court decisions cited in *Stidham*

In *State v. Fritz*, 429 S.W.2d 699 (Mo. 1968), it became apparent on oral argument in the Supreme Court of Missouri that the prisoner's appointed Rule 27.26 counsel had failed to confer with the petitioner for the purpose of filing an amended motion that would include all grounds for relief relied on and to allege therein "the facts in support thereof," as mandated by Rule 27.26(h). Although the petitioner's motion was, "on its face, ... incomplete ... the trial court, apparently without any attempt to obtain the assistance of previously appointed counsel in completing the motion, undertook to act upon the motion summarily." *Id.* at 701.

Substantially the same thing happened in this case. For the State trial court apparently made no inquiry in regard to whether the conference required by Rule 27.26(h) had been held or whether petitioner, in fact, may have intended to assert an ineffective assistance of counsel claim. In *Fritz*, the Supreme Court of Missouri reversed and remanded with directions "to permit the filing of an amended motion and for such further proceedings thereon as may be called for under Supreme Court Rule 27.26, V.A.M.S." 429 S.W.2d at 701–02.

The principles stated by the Supreme Court of Missouri in *Stidham* and *Fritz* have been consistently applied by the appellate courts of Missouri from the time those cases were decided. *See, e.g., Smith v. Wyrick*, 558 F.Supp. 600, 606 n. 3 (W.D. Mo.1983).[3] It is thus apparent that had a timely appeal been noticed in regard to the trial court's summary denial of petitioner's

unamended *pro se* Rule 27.26 motion, it is not unlikely that the Missouri Court of Appeals, in particular reliance on *Fritz*, may have reversed and remanded the case with directions that the State trial court require petitioner's appointed Rule 27.26 counsel to confer with the petitioner for the purpose of obtaining any factual data that petitioner might want to present in regard to his ineffective assistance claim, and thereafter to file an amended motion that would fully state that claim and allege the facts in support thereof in accordance with Rule 27.26(h).

In light of the Missouri Court of Appeals' denial of petitioner's Rule 30.03 motion for a late appeal, a remedy which the Attorney General earlier stated was available, it is more than doubtful whether this Court should explore whether petitioner may have some available State court remedy under which he could present an ineffective assistance of counsel question in regard to his appointed Rule 27.26 counsel. For it is not at all clear from the documentary evidence now before the Court that petitioner actually ever wanted to present any claim other than his search and seizure claim. Nor is it clear that petitioner presently wants federal habeas corpus review of his conclusory alleged ineffective assistance of counsel claim. The manner in which petitioner's *pro se* federal habeas corpus petition was drafted, for example, tends to support that possibility. Paragraph 12(j) of the standard federal habeas corpus form requires a petitioner to state the "supporting facts" in regard to each

in *Habeas Corpus and Post Conviction Review*, 33 F.R.D. 363 (1963). He accurately forecast in 1963 that a postconviction judge "should not attempt on technicalities to avoid determining the applications" and that it "is of no use to dismiss applications because of conclusory language or technical insufficiency" for the reason the "doctrines of the trilogy will permeate every cell in every penitentiary, and there is no judicial discretion to avoid at least one full determination on the merits, in the ordinary case." 33 F.R.D. at 491–92. *See also* Chief Judge Lay's concurring opinion in *Ashby v. Wyrick*, 693 F.2d 789, 796 (8th Cir.1982).

**3.** *Fritz* and *Stidham* and ten later Missouri appellate court decisions are cited in footnote 3 of

*Smith v. Wyrick* to support this Court's conclusion that the "appellate courts of Missouri, in an exemplary and commendable manner, have consistently required that the State trial courts of Missouri comply with all the requirements of amended Missouri Rule 27.26 [citations omitted]. The cited cases reflect Missouri appellate recognition that the failure of a Missouri trial court to comply with all requirements of Missouri Rule 27.26, particularly in regard to holding proper evidentiary hearings on the merits of an alleged federal claim, results in the waste of appellate judicial time and in further litigation in both the State and federal courts." 558 F.Supp. at 606.

ground alleged for federal habeas corpus relief. Petitioner's *pro se* federal habeas corpus petition obviously failed to state any facts in regard to his ineffective assistance claim. Rather, petitioner simply set forth a number of principles of law.[4]

The fact that petitioner failed to state any facts in his *pro se* federal habeas corpus petition and the fact he made only a conclusory allegation in his *pro se* Rule 27.26 motion, when considered in light of the manner petitioner's search and seizure claim was vigorously litigated in the State trial and appellate court, suggests that petitioner may have never really intended to rely on an ineffective assistance of counsel claim as a ground for postconviction relief. Petitioner's letter of September 3, 1986 to Mr. Locascio attached to petitioner's unsuccessful Rule 30.03 motion also suggests that petitioner may have only wanted to pursue his search and seizure claim as a ground for postconviction relief.[5]

The possibility also exists that even if petitioner may have at one time wanted to assert an ineffective assistance of counsel claim for postconviction relief, he may now wish to effectively abandon such a claim in order to have the merits of his search and seizure claim subjected to immediate federal court review. It is therefore appropriate that an order be entered which will afford the petitioner an opportunity to unequivocally state whether he wishes to present any claim for federal postconviction relief other than his search and seizure claim that has been fully exhausted. Should petitioner state in his response that he elects not to present any claim for federal postconviction relief other than his search and seizure claim, he is to understand that such a statement must be considered as a waiver of any right to assert an ineffective assistance of counsel claim in any subsequent federal habeas corpus petition that he might file in this Court.

The petitioner's attention is called to the Supreme Court's statement in *Rose v. Lundy,* 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982), that "our interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." The Supreme Court also made clear, however, that "prisoners who misunderstand this requirement and submit mixed petitions nevertheless are entitled to resubmit a petition with only exhausted claims or to exhaust the remainder of their claims." That case added that a prisoner "can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of

4. Paragraph 12(j) of petitioner's federal habeas corpus claim stated, perhaps pursuant to a suggestion of a fellow inmate, only the following "It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or penalty. The investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities. The duty to investigate exist [sic] regardless of the accused's admission or statements to the lawyer of facts constituting guilt or his stated desire to plead guilty. There is no evidence that the trial counsel *effectively* or *adequately investigated* or *prepared* this case for trial, but attempted to exonerate himself from or limit his liability to his client. (Emphasis, petitioner's).

5. Petitioner's September 3, 1986 letter stated the following: "Mr. Locascio, in your last letter, [referring to Mr. Locascio's February 10, 1986 letter] you stated that: 'Unless I hear from you otherwise, I will not be filing any appeal, since it would be a useless gesture.' and also '[t]aking your arguments to Federal Court is your best bet.' In taking *your* advice I have suffered a very time consuming *set-back,* in fighting my conviction. As my knowledge in legal matters is very limited at best, I relied on and trusted you to handle my post-conviction relief motion (27.26) as any competent counsel would under the same circumstances. Well I am sure you can imagine my surprise, when my habeas corpus was denied for failure to exhaust all available state court (appellate) remedies. My first reaction, was to research the federal case law on this subject, knowing that there must be a *mistake* on the part of the court, or myself, and in a sense it was my mistake for not researching this subject myself and insisting that you appeal the judgment of the trial court. So, via this letter I am officially requesting that you appeal my post-conviction relief motion (27.26), pursuant to Missouri Supreme Court rule (30.03). If the Missouri Court of Appeals feels as you do, that there is no legal basis for an evidentiary hearing, and affirm the trial courts judgment, then I may *re-file* my habeas corpus." (Emphasis, petitioner's).

his claims." *Rose v. Lundy* further made clear, however, that "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions." *Id.* at 521, 102 S.Ct. at 1205.[6]

The petitioner is therefore to understand that if his response to Order (1) stated below unequivocally states that he wishes to proceed only in regard to his search and seizure claim, that response will be considered as an amendment to his pending petition that will effectively delete his unexhausted effective assistance of counsel claim and that this Court would only consider the merits of his search and seizure claim. If, however, petitioner does not choose to waive his right to present an ineffective assistance of counsel claim, his petition must be dismissed pursuant to *Rose v. Lundy.*

For the reasons stated, it is

ORDERED (1) that on or before May 11, 1987, the petitioner shall prepare, serve, and file a response to this order in which the petitioner shall unequivocally state whether he wishes to present only his search and seizure claim as ground for federal habeas corpus relief and that he expressly wishes to delete and waive any right to present an ineffective assistance of counsel claim as a ground for postconviction relief in this Court or in any subsequent federal habeas corpus petition that petitioner may file in this Court. It is further

ORDERED (2) that should petitioner in his response to Order (1) elect to proceed only on the search and seizure ground that he presented to the State trial court and to the Missouri Court of Appeals, Western District, this Court will enter an order granting petitioner's March 18, 1987 pending motion for relief from judgment and

enter a further order that will require the respondent to file a brief on the merits of petitioner's search and seizure claim. The Court would then proceed to determine the merits of petitioner's search and seizure claim.

---

**6.** The Eighth Circuit in *Graham v. Solem,* 728 F.2d 1533, 1538 (8th Cir.1986) (en banc), held that a State prisoner may even waive unexhausted claims in an appellate brief filed in that court for purposes of avoiding the impact of a *Rose v. Lundy* mixed claim dismissal. *Graham* concluded that "[t]his procedure is functionally equivalent to Justice O'Connor's suggestion in *Rose v. Lundy* that a habeas petitioner 'can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims.'" The procedure we will direct in Order (1) is certainly functionally equivalent to the same portion of *Rose v. Lundy* quoted in *Graham.*