**John KEITH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 26920.**

Missouri Court of Appeals,
Kansas City District.

July 1, 1974.

C. Dudley Brandom, Douglas S. Roberts, Gallatin, for appellant.

John C. Danforth, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

PER CURIAM:

This is an appeal by John Keith from a denial of his Criminal Rule 27.26, V.A.M.

R., motion to vacate judgment of conviction and sentence of three years entered on his plea of guilty to the crime of burglary in the second degree. The motion was based on (1) ineffective assistance of counsel, (2) involuntary plea of guilty, and (3) denial of due process. In essence, appellant asserts that his counsel misled him into believing that a plea of guilty was the only avenue open and one which would result in probation for appellant. Appellant asserts a more appropriate defense would have been discovered had counsel been diligent.

The trial court denied appellant's motion without holding an evidentiary hearing, and merely recited that, "This Court finds and concludes that the record and transcript of the proceedings at the plea of guilty conclusively demonstrate that the prisoner, John T. Keith, Jr., is not entitled to any relief under his motion filed under Missouri Supreme Court Rule 27.26."

In this opinion, we need only consider appellant's second assignment of error in which he asserts the trial court failed to make findings of fact and conclusions of law on all issues presented as required by Rule 27.26(i).

In an opinion adopted concurrently [Forbes v. Missouri, Mo.App., 511 S.W.2d 894], we have noted that the procedure required of the trial court since the amendment of Rule 27.26 in 1967 is to require findings of fact and conclusions of law, whether or not an evidentiary hearing is held. Rule 27.26(i). Since appellate review under the revised procedure is limited to a determination of whether the findings, conclusions and judgments of the trial court are clearly erroneous [Rule 27.-26(j)], our review is possible only when the trial court has complied with the requirement of Rule 27.26(i) for findings of fact and conclusions of law on all issues presented. A mere recital that the court examines the record and finds that the motions should be denied is not compliance with the rule. Gerberding v. State, 433 S.

W.2d 820 (Mo.1968); Larson v. State, 437 S.W.2d 67 (Mo.1969).

Appellant's motion asserts on its face grounds which may require an evidentiary hearing pursuant to Rule 27.26(e). Unless by findings of fact specifically made it is determined that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" [Rule 27.26(e)], such a hearing must be held. In either event, the judgment of the court must rest on findings of fact and conclusions of law in the manner required by Rule 27.26(i).

The cause is remanded and reversed for further proceedings in accordance with this opinion.

All concur.