STATE of Missouri, Respondent,

v.

Carlos K. HOLLAND, Appellant.

No. KCD 29615.

Missouri Court of Appeals, Kansas City District.

Dec. 27, 1978.

Clifford A. Cohen, Public Defender, L. D. Mayo, Jr., Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Philip R. Baker, Asst. Atty. Gen., Jefferson City, for respondent.

Before HIGGINS, Special Judge, Presiding, WELBORN, Special Judge, and PRITCHARD, J.

PER CURIAM.

On February 2, 1977, appellant entered pleas of guilty to two charges of robbery in the first degree. On March 30, 1977, he was sentenced to seven years imprisonment in the Department of Corrections on each charge, to be serve concurrently. On April 7, 1977, he filed a motion under Rule 27.25 to withdraw his pleas upon the grounds that at the time of the alleged criminal conduct, he was, as a result of mental disease, incapable of conforming his conduct to the requirements of law, which would be established by psychiatric evidence; and that he would further establish that at the time of the guilty pleas, due to mental disease, he lacked capacity to understand the proceedings against him and was mentally incapable of assisting in his own defense. Appellant also moved for an evidentiary hearing on his motion to withdraw his pleas of guilty "and offer of proof." Attached to the motion was a copy of the psychiatric report of Dr. George A. Colom.

The trial court denied appellant's motion without an evidentiary hearing, and with no findings of facts and conclusions of law.

At the taking of appellant's pleas of guilty, the trial court made extensive and very proper inquiry into facts surrounding appellant's decision to change his pleas from not guilty to guilty. There were, however, interjected into that hearing certain matters bearing upon appellant's claim of inability to conform his conduct to the requirements of the law at the time of the alleged offenses. The court inquired whether appellant had any mental or emotional problems, and he answered that he was being treated at Menorah Medical Center for depression, and that he was in the day care program on the psychiatric ward, and that he reported to the ward daily to receive medication to help the pressure on his mind, but that he had not taken his pills on the day of the hearing. At one point appellant testified that although he had no complaints about how his counsel had handled the case, he thought "somebody needs to be looking at my background of my hospital record too", and "Q. Well, are you saying that this should be checked out in considering the sentence? A. Yes, sir. Yes, sir. Q. Are you claiming that you have a defense to it because of your—A. Yes, sir. Q.—mental condition? A. Yes, sir. I was under a lot of pressure." Upon further explanation of the defense of men-

tal disease or defect, appellant acknowledged that he was not saying that he should not be found guilty because of his mental condition. Counsel for appellant stated that he would file a motion for mental examination if he had thought there was any possibility that appellant had a mental defense, "but that isn't here." Appellant then accepted that statement of counsel. At the time of sentencing, appellant again brought up his psychiatric complaint, and stated there was no other reason that sentence should not be imposed.

Although not evidence, the report of Dr. Colom, attached to the motion, gives appellant's medical history, and concludes, "It is my opinion that Carlos Holland understands right from wrong but when in his psychotic state he does not appreciate the nature, quality or wrongfulness of his conduct. Also he is incapable of conforming his conduct to the requirements of the law. I feel this mechanism was in effect at the time his offense October 16, 1976. * * *."

 The mere denial of appellant's motion, without findings of fact and conclusions of law, is not a compliance with Rule 27.26(i), *Keith v. State,* 511 S.W.2d 896 (Mo. App.1974); *Baker v. State,* 532 S.W.2d 897, 898[2] (Mo.App.1976), and does not present anything for meaningful review. The motion, its attachments, and the files and record (of the guilty pleas) do not conclusively show that appellant is entitled to no relief.

The judgment is reversed and the case is remanded with directions to grant appellant an evidentiary hearing upon his motion to withdraw his guilty pleas, for the appointment of counsel if appellant is indigent, and for findings of fact and conclusions of law after hearing.