**Douglas W. THOMPSON, Appellant,**

v.

**Carl WHITE, Supt. Correction, Missouri Training Center, Appellee.**

No. 78–1041.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1979.

Decided Jan. 23, 1979.

---

6) that the instructions embodied a presumption of malice aforethought, in violation of the Fifth Amendment;

7) that the state trial court's failure to provide a copy of the jury instructions was invidious discrimination and a denial of access to the courts;

8) that there was newly discovered evidence entitling petitioner to a new trial.

No action was taken on the motion by the state court for nearly two years.

On March 1, 1977, the petitioner filed a writ of habeas corpus in the Missouri Supreme Court. In this writ, petitioner alleged that "unwarranted and inordinate delays" in the state courts were depriving him of due process of law. On March 14, 1977, the Missouri Supreme Court denied the writ, "without prejudice to petitioner to make application to Circuit Court of Bollinger County for appointment of counsel" and a hearing in the pending 27.26 action.

On June 3, 1977, the state filed a motion to dismiss the pending 27.26 action. On June 28, 1977, the state court dismissed the action. It held:

1) that allegations respecting the weight of the evidence (and allegations of newly discovered evidence) were not cognizable in a 27.26 motion;

2) that allegations respecting the instructions were not cognizable in a 27.26 motion;

3) that the double jeopardy claim was without merit;

4) that the claim of improper jury selection was conclusory;

5) that Thompson did not exercise reasonable diligence in filing his motion, and thus was "out of time";

6) and that, in any event, Thompson had specifically waived his right to a direct appeal of his conviction, and thus "cannot be heard to complain of alleged errors affecting his constitutional rights."

Douglas W. Thompson, pro se.

John D. Ashcroft, Atty. Gen. and Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, Mo., on brief, for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

In 1966 Douglas W. Thompson was convicted in a Missouri circuit court of first-degree murder. Punishment was fixed at life imprisonment. No appeal was taken.

On September 10, 1975, Thompson filed a Rule 27.26 motion in a state court to vacate his conviction. The motion alleged:

1) that the conviction was secured by the knowing use of perjured testimony;

2) that the conviction was not founded on any credible evidence;

3) that the conviction violated double jeopardy;[1]

4) that the jury was not drawn from a cross-section of the community;

5) that the state trial judge improperly refused lesser-included offense instructions;

---

1. A prior conviction for the same offense was overturned on appeal, and the instant conviction was obtained on retrial.

On June 29, 1977, the petition appealed this dismissal to the Missouri Court of Appeals (Springfield District).

On October 2, 1977, while the state appeal was still pending, petitioner filed the present action in the United States District Court for the Eastern District of Missouri. The federal habeas corpus petition alleged that perjured testimony had been used to obtain his conviction, that no credible evidence supported the conviction, that the conviction was in violation of double jeopardy, that the jury was improperly drawn, and that newly discovered evidence proved petitioner's innocence.

Thereafter, the state moved to dismiss the federal petition for failure to exhaust state remedies. On January 13, 1978, the district court granted that motion 442 F.Supp. 1269. The court stated:

> The Court is aware of the extreme and unexplained delay which occurred while petitioner's motion was pending in the Circuit Court of Mississippi County. It would appear, however, that the appeal from that order is now proceeding in a timely manner. Moreover, petitioner did not seek relief in this Court until after the adverse ruling of the circuit court had been made and an appeal had been filed. Petitioner is currently pursuing his right to appeal the decision of the circuit court. Accordingly, he cannot be said to have exhausted his available state remedies.

The petitioner took a timely appeal from the district court's denial of relief.

On October 23, 1978, while the federal appeal was pending, the Missouri Court of Appeals ruled on the petitioner's 27.26 motion. It remanded the question of constitutionally impermissible discrimination in the jury selection process for an evidentiary hearing in the state trial court. It denied relief with respect to all other claims. Rehearing and transfer were denied by the state appellate court on November 8, 1978, and transfer was denied by the state Supreme Court on December 18, 1978.

We share the opinion of the federal district court that the delay in processing Thompson's Rule 27.26 motion was extreme and unexplained. *See Mucie v. Missouri State Department of Corrections,* 543 F.2d 633, 636 (8th Cir. 1976). As the federal court pointed out, however, the state court had started to process the motion before Thompson filed the petition in federal court and continued to process it promptly thereafter. The exhaustion barrier has now been removed as to all issues other than the claim that the jury selection process was unconstitutional. We have no reason to believe that the state courts will delay a decision on that issue. There is, therefore, no reason to apply *Mucie* here.

With respect to Thompson's claim that the jury selection process was unconstitutional, we affirm the district court order of dismissal. With respect to all other claims, we vacate the district court's judgment and remand for further proceedings on the merits. *See Sharpe v. Buchanan,* 317 U.S. 238, 63 S.Ct. 245, 87 L.Ed. 238 (1942). On remand, if requested, the court should permit petitioner to amend his petition to state detailed facts in support of the conclusory petition initially filed.

Affirmed in part and vacated and remanded in part.