Evelyn Louise WILSON,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 10984.

Missouri Court of Appeals,
Southern District.

July 23, 1979.

John A. Watkins, Greenfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., Weldon W. Perry, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

On September 1, 1977, in the Circuit Court of Dade County, movant (defendant) entered a plea of guilty to a charge of selling a controlled substance, marijuana, in violation of § 195.020.[1] On November 14, 1977, the trial court sentenced her to five years in the custody of the Missouri Department of Corrections by reason of such conviction. No direct appeal was taken from the judgment and sentence.

On January 23, 1978, defendant filed a pro se application for postconviction relief under Rule 27.26 seeking to have her guilty plea set aside. After addendum to the motion by her court-appointed attorney, the motion alleged, among other things, that defendant's sentence should be vacated because she was denied effective assistance of counsel before entering her plea; that she was induced to enter the plea by being told by officers of the court that she would receive probation if she were to enter a plea of guilty to the charge and that she should "get the thing over with" which would result in "less publicity" and let her continue her high school education; that the court had failed to advise her at the time of her plea that she had not stated sufficient facts regarding a plea of guilty in that the defense of entrapment was available to her, and that the statute under which she was charged was unconstitutional in that it classified marijuana in the same schedule as other substances of substantially greater danger to health and society than the drug in question, thus making the punishment not commensurate with the offense.

After an evidentiary hearing, the trial court, on March 22, 1978, filed a memorandum opinion denying the motion. The opinion did not make any findings of fact or

1. References to statutes and rules are to RSMo Supp.1975, V.A.M.S. and Missouri Rules of Court, V.A.M.R.

contain any conclusions of law, other than a general conclusion that "the defendant's rights were scrupulously protected."

 In her first assignment of error on appeal, defendant asserts that the trial court erred in failing to make findings of fact and conclusions of law in support of its judgment. We agree. Rule 27.26(i) requires that the trial court shall make findings of fact and conclusions of law on all issues presented in the 27.26 motion, whether or not a hearing is held. The failure to make such findings of fact and conclusions of law constitutes reversible error. *Smith v. State,* 526 S.W.2d 399, 400 (Mo.App.1975); *Forbes v. State,* 511 S.W.2d 894, 895–896 (Mo.App.1974); *Hamilton v. State,* 490 S.W.2d 363, 364 (Mo.App.1973).

The judgment is reversed and the cause remanded with directions to the trial court to make findings of fact and conclusions of law on all issues raised in defendant's motion, and to enter a new judgment in accordance with such findings and conclusions.

All concur.