William Louis QUILLUN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 32072.

Missouri Court of Appeals,
Western District.

Dec. 15, 1981.

Joseph C. Matteson, Columbia, for appellant.

John Ashcroft, John C. Reed, Jefferson City, for respondent.

Before KENNEDY, P. J., and SHANGLER and WASSERSTROM, JJ.

KENNEDY, Presiding Judge.

The trial court without an evidentiary hearing dismissed the movant's Rule 27.26

motion, as amended after the appointment of an attorney, by which he sought the vacation of convictions of rape and sodomy. He had been convicted after a jury trial in 1977. He had been found to be a Second Offender, § 556.280, RSMo 1969 (repealed January 1, 1979), and his punishment had been assessed at consecutive prison terms of twenty years and five years respectively. The convictions were affirmed by this court upon appeal in *State v. Quillun*, 570 S.W.2d 767 (Mo.App.1978).

The prisoner's motion alleges the following grounds for relief: (1) That the trial court had based the Second Offender finding upon a prior conviction based upon a guilty plea, which prior conviction was invalid because the movant had not been represented by counsel; (2) that defendant had been deprived of newspapers while in jail awaiting trial, and had been denied access to the news media; (3) that he had been denied access to a law library while in jail awaiting trial; (4) that he had received ineffective assistance of counsel in that his counsel had failed to object to the admission into evidence of a certain shirt worn by the defendant at the time of his arrest shortly after the alleged rape, which had semen stains on it, and that his counsel had failed antecedently to have chemical tests made to ascertain if the semen belonged to the movant; (5) that he had received ineffective assistance of counsel in that counsel had failed to secure a change of venue; (6) that he had received ineffective assistance of counsel in that counsel had failed to call him to testify in his own defense; and finally (7) that counsel had failed to advise him that prior invalid convictions could not be used to impeach him if he testified in his own behalf.

The trial court dismissed the Rule 27.26 motion upon the prosecuting attorney's motion to dismiss, entering rather scanty findings of fact and conclusions of law which indicated that the court believed that "the motion and the files and records of the case conclusively show that the prisoner (was) entitled to no relief", Supreme Court Rule 27.26(e). We have reviewed the record and have concluded that the trial court was correct upon well-known and oft-iterated principles, which do not call for elaboration here, in dismissing all the grounds alleged in the petition except two which we shall next discuss.

I. *Failure of counsel to advise defendant that invalid prior convictions could not be used for impeachment.*

Movant alleges in his motion that he was not advised by counsel that his prior convictions—there were four of them—could not be used to impeach him if they were invalid and that such convictions would be invalid "if under a set of circumstances, there was no counsel, or serious deprivation of a constitutional right occurred." *Loper v. Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972); *Richardson v. State,* 577 S.W.2d 653 (Mo. banc 1979). He goes ahead to allege that "several of his prior convictions, e.g., Illinois and Missouri, are invalid". Elsewhere in the motion he says that on an Illinois conviction he did not have counsel and did not knowingly or intelligently waive his right to counsel. He alleges also that a Missouri conviction was invalid, but does not say why it was invalid. The latter conviction was not identified, unless it was the 1973 statutory rape conviction, upon which he alleges he was not represented by counsel.

The four crimes for which defendant had been convicted were auto theft and reckless homicide, both in Illinois in 1963,[1] and statutory rape and escape in Missouri in 1973. Movant's argument is that if he had been advised that invalid prior convictions could not be used to impeach him, he would have taken the witness stand in his own defense to deny that he had used any force upon the alleged rape victim.

On this issue, we believe the motion and the files and records in the case do not

---

1. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), which invalidated convictions without representation by counsel or waiver of same, was retrospective in its operation, *Kitchens v. Smith,* 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971).

"conclusively show" that the defendant is entitled to no relief. The defendant had had no defense in the case, except what might have been made by his own testimony. He had presented no evidence at all. The case had been submitted upon the state's evidence. The evidence (presented upon motion for new trial in the original case) shows that the defendant had wanted to testify in his own behalf, but had been dissuaded from doing so by the fact he had been unable to explain the seminal stains upon his shirt, and by the prospect of the four prior criminal convictions' being used for his impeachment.

Evidence in support of this allegation can be conceived which would bring this case within the purview of *Poe v. U. S.*, 233 F.Supp. 173 (D.C.D.C.1964), *aff'd* 352 F.2d 639 (D.C.Cir.1965). The considerations which induced the court there to grant post-conviction relief to the prisoner were that he had had no defense without his own testimony, and that he had decided not to testify upon the basis of a mistaken belief that a certain prior statement could be used against him. The court in *Poe* emphasized the absence of any defense at all without the accused's own testimony, and noted the prejudice attendant upon a defendant's silence.

The attorney-general says the allegation is conclusory and subject to dismissal on that account. It was not on that ground that the trial court dismissed it, but rather on the ground that "ineffective assistance of counsel as allegation of Ground D has been litigated before the trial and appellate courts and ruled adversely to movant and may not be litigated again". We do not find that ineffective assistance of counsel on this particular basis has ever been litigated. It must be conceded that the amended motion is far from satisfying. It was evidently hurriedly drafted. We think, though, that it is sufficient to withstand dismissal on the basis that it states conclusions and not facts.

The case will be remanded for an evidentiary hearing. The movant will be given an opportunity to prove, if he can, that some one or more of his prior convictions were actually invalid and could not have been used to impeach him, and that the supposed admissibility of such one or more prior convictions was a substantial factor in his decision not to take the stand to testify in his defense. Should the court find these facts, it would then consider whether the failure of counsel, if proved, to inquire about and to learn of the invalidity of the convictions, and to advise the movant that such invalid convictions could not be used to impeach him, constituted ineffectiveness of counsel under the standard of *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979). See also in this connection *Poe v. U. S.*, supra.

II. *Allegation of invalidity of conviction used for sentence enhancement.*

■ Movant alleges that he was not represented by counsel when he was convicted of statutory rape in 1973, a conviction used by the court to find movant a Second Offender, § 556.280, RSMo 1969 (repealed January 1, 1979). He cites *Geberding v. State*, 433 S.W.2d 820 (Mo.1968), for the proposition that he is entitled to an evidentiary hearing to prove the allegation. Unlike *Geberding*, there was in the present case a specific finding by the trial court that movant was represented by counsel at the time of the 1973 statutory rape conviction. On this issue the trial court's finding was not "clearly erroneous".[2]

The judgment is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

All concur.

---

**2.** The conviction was shown in the original trial by an exhibit which is not before us, but which was before the trial court. We will not pre- sume that it did not show what the trial court said it showed. *See* City of *Lee's Summit v. Collins*, 615 S.W.2d 592 (Mo.App.1981).