Kenneth Norman SMITH, Petitioner,

v.

Donald WYRICK, Warden, Respondent,

and

Michael David MANIS, Petitioner,

v.

Donald WYRICK, Warden, Respondent.

Nos. 82–0916–CV–W–1–R, 82–0476–CV–W–1 and 82–0903–CV–W–1.

United States District Court, W.D. Missouri, W.D.

March 3, 1983.

Ronald L. Hall, Asst. Federal Public Defender, W.D. Mo., Kansas City, Mo., for petitioner.

John Ashcroft, Atty. Gen., Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM OPINION AND ORDERS DIRECTING FURTHER PROCEEDINGS

JOHN W. OLIVER, Senior District Judge.

### I.

On December 17, 1982 we entered orders directing further proceedings in both of the above entitled cases. Both cases are related for the reason that both State prisoners, acting upon the advice of a fellow inmate at the Missouri Penitentiary, have attempted to obtain an immediate hearing of all federal claims alleged in their respective applications for federal habeas corpus relief on the dual theory that each exhausted all available State postconviction remedies by filing motions to recall mandate in the Supreme Court of Missouri and that the Missouri Rule 27.26 proceedings which each petitioner admittedly has pending in the Circuit Court of Greene County, Missouri have been subject to unreasonable delay and are being processed in a manner which deprives both petitioners of an effective State postconviction remedy.

The orders entered on December 17, 1982 required the State to file a response which would establish the procedural posture of all of each petitioner's State court filings and for a statement of the State's position in regard to any State appellate postconviction remedies that either petitioner might have under the circumstances. The Federal Public Defender's office was appointed to represent the petitioners in this Court and to take any action on behalf of the petitioners which might be appropriate under the circumstances. The Attorney General's office has filed responses to which copies of some of the relevant State court records are attached. The Federal Public Defender's Office has filed responses on behalf of each petitioner to which additional relevant State court records are attached.

We have considered the responses filed pursuant to this Court's December 17, 1982 orders and enter orders directing further proceedings for reasons which need to be stated in detail.

### II. Factual Circumstances In Regard to Petitioner Smith

The response filed by the Attorney General's office in regard to petitioner Smith states that he is in State custody under three sentences of 15, 14, and 10 years imposed by the Circuit Court of Greene County, Missouri on March 14, 1980. That response attached copies of all Missouri Rule 27.26 motions which petitioner Smith filed in the Circuit Court of Greene County, Missouri in September of 1981. The response further stated that each 27.26 motion has been denied by that State trial court. In regard to the availability of further State postconviction remedies, the response stated the following:

As to petitioner's present right to appeal any adverse action that may have been taken by the Circuit Court of Greene County, Missouri court rules provide that a late notice of appeal may be filed up to six months from the date of final judgment. Rule 81.07(a), V.A.M.R., provides in pertinent part that:

When an appeal is permitted by law from a final judgment in a trial court, but the time prescribed for filing the ordinary notice of appeal with the clerk of the trial court as set forth in Rule 81.04 has expired, a party may seek a special order of the appropriate appellate court permitting a late filing of the notice of appeal. The special order may be allowed by the appellate court only upon motion with notice to adverse parties, filed within six months from the date of final judgment, and only upon a showing by affidavit, or otherwise, that there is merit in appellant's claim for the special order and that the delay was not due to appellant's culpable negligence.

Rule 81.05(a) provides that a judgment becomes final "at the expiration of thirty days after the entry of such judgment, if

no timely motion for a new trial is filed." In petitioner's cases, the judgments against petitioner were filed August 17, 1982, and August 23, 1982. These judgments became final September 16 and September 22, 1982 respectively. Petitioner has until March 16 and March 22, 1983, to file a motion for a special order to permit a late filing of a notice of appeal.

In regard to the State's position as to petitioner Smith's right to further State appellate postconviction review, the response filed by the Attorney General's office stated:

Respondent does not object to the appointment of the federal public defender for the limited purpose of filing such a late notice of appeal so that the appellant's process can begin and the state court can appoint counsel for petitioner. Such a result is clearly more appropriate than a hearing on the merits in federal court without giving the state appellate courts the opportunity to correct any errors that may have occurred either in the trial or in the Rule 27.26 proceedings.... The state courts are adequately equipped to handle appellant's claim and they are presently the appropriate form [sic] for appellant to raise his allegations of error.

The files and records now before the Court show that none of petitioner Smith's Missouri Rule 27.26 motions which pended in the Circuit Court of Greene County, Missouri had been ruled at the time we considered petitioner Smith's first application for federal habeas corpus. We denied that first application for federal habeas corpus May 11, 1982. The files and records show that all of petitioner's Missouri Rule 27.26 motions were denied in the month of August, 1982. We made clear in *Smith v. Wyrick,* 538 F.Supp. 1017, 1025 (W.D.Mo. 1982) that our denial of petitioner's claim of ineffective assistance of *appellate* counsel was not to be considered as any adjudica-

tion of petitioner Smith's claims of ineffective assistance of *trial* counsel "which petitioner may assert in the pending Rule 27.26 proceeding which pends in the Circuit Court of Greene County, Missouri." In footnote 9 on page 1026 of that opinion we stated:

We reiterate that our determination of petitioner's claim of ineffective assistance of appellate counsel is not an adjudication of petitioner's claims of ineffective assistance of trial counsel. The transcript of the trial reveals that defendant's appointed trial counsel apparently had something in mind in regard to petitioner's claimed use of drugs. Exactly what trial counsel may have had in mind and how he may have intended to develop what he may have had in mind, both as matters of fact and as a matter of law, are matters which we are confident will be explored in depth during the processing of the Missouri Rule 27.26 proceeding which now pends in the Circuit Court of Greene County, Missouri. [538 F.Supp. at 1026]

Our first opinion in *Smith* clearly indicated that under applicable Supreme Court of the United States standards, petitioner Smith was entitled to an evidentiary hearing on his claim of ineffective assistance of trial counsel. In affirming this Court's denial of federal habeas corpus relief in connection with petitioner Smith's first application, the Court of Appeals for the Eighth Circuit pointed out that:

Under the law of this Circuit, a federal district court must provide a hearing in a section 2254 action "if relevant facts are in dispute and a fair evidentiary hearing was not granted in the state court." *Jensen v. Satran,* 651 F.2d 605, 608 (8th Cir.1981); *Pruitt v. Housewright,* 624 F.2d 851, 852 (8th Cir.1980).... a petitioner contending relevant disputed facts must have a fair hearing regardless of the procedural posture of the claim in state court. The federal court must hold this hearing if the state court does not.[1]

---

1. In *Mitchell v. Wyrick,* 698 F.2d 940, 1983, the Court of Appeals for the Eighth Circuit had occasion to quote passages from two recent Eighth Circuit cases cited by it in *Smith v.*

*Wyrick.* The quoted cases emphasize that if petitioner Smith is not given an evidentiary hearing in the State court, this Court will be forced to conduct such a hearing under the

■ The fact that petitioner Smith has now been denied relief on his Missouri Rule 27.26 motions which had not been ruled at the time we denied petitioner Smith's first federal habeas petition merely means that petitioner Smith must exhaust his available State court appellate remedies before he can invoke the federal habeas jurisdiction of this Court.

■ It cannot be said that it is futile to require the filing of a motion for a late notice of appeal of the decision of the Circuit Court of Greene County, Missouri denying petitioner Smith's Missouri Rule 27.26 motions for the reason such a motion was granted by the Missouri Court of Appeals, Southern District, in connection with petitioner Manis, as we will discuss later in detail. *See* also *Shepherd v. State,* 637 S.W.2d 801 for another recent example in which a Missouri Court of Appeals granted leave to an unsuccessful Missouri Rule 27.26 movant to file a late appeal.

The response filed by the Federal Public Defender of petitioner Smith properly recognized that petitioner has not exhausted his available State postconviction remedies in regard to any of the claims alleged in his federal habeas petition. The Federal Public Defender also advised this Court that:

> During the week of February 7, 1983 the undersigned conferred with Miss Rosalynn Van Heest, Assistant Attorney General, State of Missouri, who represents the respondent in this action. She

advised the undersigned that if the reasons for Smith's failure to file notices of appeal in each of his four 27.26 actions were not due to *his* culpable negligence, the respondent would join petitioner's motion for a special order permitting a late filing of the notices of appeal in each of the 27.26 Motion Judgments, entered in the Circuit Court of Greene County, Missouri.

The Federal Public Defender accordingly made the following request in the recommended action part of the response he filed on behalf of petitioner Smith:

> The undersigned requests that he be given additional time within which to investigate the facts surrounding Mr. McNabb's failure to appeal the adverse judgments entered by Judge Bacon and Judge Powell in these four 27.26 actions, and to assist the petitioner in preparing and filing in each case by March 16, 1983 (a) a motion to proceed in forma pauperis in the Missouri Court of Appeals, Southern District; (b) a motion for a special order permitting late filings of notices of appeal; and (c) a motion for appointment of appellate counsel. The granting of this request will give the petitioner an opportunity to commence exhausting his remaining available state court remedies, thereby satisfying the exhaustion requirement of 28 U.S.C.A. (Unannotated Text Vol.) § 2254(b) (West 1968), and will

controlling rule of our Court of Appeals. *Mitchell* stated:

In *Jensen v. Satran,* 651 F.2d 605, 607–8 (8th Cir.1981) we held:

A federal district court must grant an evidentiary hearing in a section 2254 action if:

(1) the merits of the factual dispute were not resolved in a state hearing, (2) the state factual determination is not supported by the record, (3) the state fact finding procedure failed to provide full and fair hearings, (4) there is a substantial allegation of newly discovered evidence, (5) material facts were not developed at the state court hearing, or (6) it appears the state fact trier did not afford the petitioner a full and fair hearing.

*Pruitt v. Housewright,* 624 F.2d 851, 852 (8th Cir.1980) (*citing Townsend v. Sain,* 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963)).

This court has required a federal district court to grant an evidentiary hearing in a section 2254 action "if relevant facts are in dispute and a fair evidentiary hearing was not granted in state court." *Id. (quoting Parton v. Wyrick,* 614 F.2d 154, 158 (8th Cir.), *cert. denied,* 449 U.S. 846, 101 S.Ct. 131, 66 L.Ed.2d 56 (1980)). Before a hearing is required, however, it must appear that the petitioner's allegations, if proven, would establish the right to his release. *See also Walker v. Solem,* 648 F.2d 1188 at 1189 (8th Cir. 1981) (standards for evidentiary hearings in section 2254 cases discussed); *Lindner v. Wyrick,* 644 F.2d 724 at 729 (8th Cir.1981) (dismissal without an evidentiary hearing proper when dispute can be resolved on the basis of the record).

allow him, if necessary, to seek federal habeas relief from his five state felony convictions at a later time.

Appropriate orders will therefore be entered in accordance with that request which will be designed to assist petitioner Smith in obtaining appropriate appellate review in the courts of Missouri.

### III. Factual Circumstances In Regard to Petitioner Manis

#### A.

The initial response filed by the Attorney General's office in regard to petitioner Manis stated that he is in State custody "pursuant to multiple judgments of conviction and sentences for robbery imposed in 1977 by the Circuit Court of Greene County, Missouri." That initial response stated that the Attorney General's office had encountered difficulties in obtaining copies of the appropriate court records from the Clerk of the Circuit Court of Greene County, Missouri. However, by the filing of a supplemental response, the Court now has before it copies of a number of petitioner Manis' *pro se* Missouri Rule 27.26 motions filed in the Circuit Court of Greene County, Missouri.

A copy of petitioner Manis' *pro se* Missouri Rule 27.26 motion, filed as Case No. CV 181–2597–CC–4 in the Circuit Court of Greene County, Missouri was attached to the initial response filed by the Attorney General's office. That *pro se* motion sought to vacate a 7 year sentence imposed March 1, 1977 on a plea of guilty to a charge of robbery in Case No. 82–692–4 in the Circuit Court of Greene County, Missouri. The response stated that that motion was denied without an evidentiary hearing by the State trial court on August 5, 1982.

In regard to that particular *pro se* Missouri Rule 27.26 motion, the initial response filed by the Attorney General stated:

The judgment of the Circuit Court of Greene County denying petitioner's Rule 27.26 motion was handed down August 5, 1982. No notice of appeal has been taken from that judgment, although respondent's Exhibit B indicates that certain orders have been handed down in which petitioner has been found indigent and

eligible for representation by appointed counsel; preparation of transcript has been ordered; and leave to proceed *in forma pauperis* has been granted.

The initial response filed by the Attorney General's office added, however, that:

Respondent has contacted the Missouri Court of Appeals, Southern District, and has been informed that no timely notice of appeal has been filed in petitioner's case. Until this motion is filed, the Missouri Court of Appeals, Southern District cannot act on petitioner's appeal.

The initial response filed by the Attorney General's office added that the procedural situation in regard to petitioner Manis' *pro se* Missouri Rule 27.26 motion directed at his 7 year sentence is substantially the same as that which exists in regard to all of petitioner Smith's Missouri Rule 27.26 motions. Specifically, the initial response filed by the Attorney General's office stated that:

Under Missouri Supreme Court Rule 81.04, petitioner's notice of appeal in the Missouri Court of Appeals, Southern District, should have been filed ten days after the judgment became final, which would be September 4, 1982. Petitioner did not file a timely notice of appeal. Nevertheless, Missouri Supreme Court Rule 81.07 provides that:

When an appeal is permitted by law from a final judgment in the trial court, but the time prescribed for filing the ordinary notice of appeal with the clerk of the trial court as set forth in Rule 81.04 has expired, a party may seek a special order of the appropriate appellate court permitting a late filing of the notice of appeal. The special order may be allowed by the appellate court only upon motion with notice to adverse parties, filed within six months from the date of final judgment, and only upon a showing by affidavit, or otherwise, that there is merit in the appellant's claim for this special order and that the delay was not due to the appellant's culpable negligence.

Since judgment became final September 4, 1982, the deadline for seeking relief under Rule 81.07 has not expired and will not expire until March 4, 1983.

And, in the same pattern as that stated in regard to petitioner Smith, the initial response filed by the Attorney General's office in regard to petitioner's *pro se* Missouri Rule 27.26 attack upon his 7 year sentence stated:

> Respondent does not object to the appointment of the federal public defender for the limited purpose of filing a motion for a late appeal, and notes that upon such event counsel will be appointed by the Missouri Court of Appeals, Southern District according to the docket sheets.

In light of developments since the filing of the Attorney General's response, it will not be necessary for the Federal Public Defender to take any further action in connection with petitioner's exhaustion of his available State postconviction remedies in connection with this particular conviction. A letter from the Federal Public Defender under date of February 11, 1983 reported that Thomas J. Marshall, Public Defender for the Fourteenth Missouri Judicial Circuit, Moberly, Missouri, filed a Notice of Appeal on petitioner's behalf on or about February 7, 1983 in accordance with an order granting leave to do so entered by the Missouri Court of Appeals, Southern District, on December 22, 1982.

It should be added that the Court was further advised by State Public Defender Terry Brummer by a letter under date of February 17, 1983 that petitioner Manis will be represented by Peter Sterling, Public Defender at Rolla, Missouri, rather than by Public Defender Marshall.

Under the circumstances, and at an appropriate time, this Court will enter an order dismissing petitioner Manis' federal petition for habeas corpus in regard to his seven year sentence.

### B.

Copies of a number of petitioner Manis' additional *pro se* Missouri Rule 27.26 motions were attached to a supplemental response filed by the Attorney General's office.

In case No. 182–425–CC–2, filed March 2, 1982 in the Circuit Court of Greene County, Missouri, petitioner Manis, in a Missouri Rule 27.26 proceeding, sought to vacate a 30 year sentence imposed after trial on June 10, 1980 for robbery. Read broadly, as petitions for postconviction relief must be read, it is apparent that petitioner Manis alleged that he was denied the effective assistance of counsel.[2]

None of petitioner Manis' *pro se* Missouri Rule 27.26 motions complied with the requirements of Missouri Rule 27.26(c) in that incomplete answers were made to the specific questions in the standard form and petitioner Manis' *pro se* claims were stated on "supplemental pages" attached to his *pro se* motions.

For example, petitioner Manis' additional *pro se* motion in Case No. CV–182–483–CC–2, filed March 10, 1982, in which petitioner Manis sought to have a 15 year sentence and an 18 year sentence, both for robbery, vacated and set aside, answered question 3 of the standard Missouri Rule 27.26 form by making reference to "Criminal Case No. 479–299–FX–2. Robbery and Robbery." Question No. 4 of the standard form which made inquiry in regard to "the date upon which sentence was imposed and the terms of the sentence" was answered by stating "1980 (15 and 18)." Various of the other questions calling for specific information were answered in vague and general terms with statements such as "See records, files, transcripts and court records" and "see attached pages."

Close study of the "supplemental pages" attached to that particular motion suggests that a 15 and an 18 year sentence were

---

**2.** The 30 year robbery sentence involved in Case No. 182–425–CV–2 is not the same 30 year robbery sentence which was affirmed on direct appeal, reported as *State v. Manis*, 614 S.W.2d 771 (Mo.App.1981). Petitioner Manis apparently has not filed a Missouri Rule 27.26 motion in regard to that 30 year robbery sentence.

imposed on May 23, 1980 in connection with the trial of two separate offenses; that an appeal was noticed in connection with only one of those cases; and that the appeal noticed in connection with the other sentence was dismissed on the State's motion for failure to have been filed in a timely manner.

*State v. Manis,* 603 S.W.2d 706 (Mo.App. 1980) reflects the fact that an appeal was dismissed in regard to one of the convictions obtained on May 23, 1980. That case, however, does not indicate whether the untimely notice of appeal was filed in regard to the 15 year sentence or the 18 year sentence.

The supplemental response filed by the Attorney General's office states that petitioner Manis' *pro se* Missouri Rule 27.26 motions under discussion currently pend in the Circuit Court of Greene County, Missouri.

The docket sheets attached as exhibits to the supplemental response show that apparently the only judicial action taken in connection with petitioner Manis' pending *pro se* motions has been a transfer of the cases from Division 2 to Division 4 of the Circuit Court of Greene County, Missouri and a determination made in both cases in the latter Division on April 4, 1982 that the "Court determines Deft. is indigent and refers case to office of public defender."

The docket sheets do reflect that the "office of public defender," appointed to represent petitioner Manis pursuant to Missouri Rule 27.26(h), has not yet filed any amended Missouri Rule 27.26 motion on behalf of the petitioner in spite of the fact that the record shows that petitioner's *pro se* motion was not filed in compliance with Missouri Rule 27.26(c).

From the time of *State v. Fritz,* 429 S.W.2d 699 (Mo.Sup.1968), decided almost fifteen years ago, the appellate courts of Missouri have made clear that the trial courts of Missouri are expected to require counsel appointed to represent indigent Missouri Rule 27.26 movants to discharge the duties imposed upon them by that Rule of the Supreme Court of Missouri.[3]

---

**3.** *Fritz* reversed a State trial court which had denied without evidentiary hearing a Missouri Rule 27.26 motion in order "to permit the filing of an amended motion and for such further proceedings as may be called for under Supreme Court Rule 27.26 V.A.M.S." *Fritz* noted that "in an effort to improve the effectiveness of the remedy provided under our Rule 27.26, an amended version of the rule was promulgated January 9, 1967, to become effective September 1, 1967." The *Fritz* court then quoted the following paragraph from the leading Missouri case of *State v. Stidham,* 415 S.W.2d 297, 298 (Mo.1969):

The amended rule was adopted after considerable study and is intended to provide a post-conviction procedure in accord with the principles enunciated in the so-called trilogy of *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, and *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. Further in keeping with the teachings of the trilogy, the amended rule is designed to discover and adjudicate all claims for relief in one application and avoid successive motions by requiring motions to be in questionnaire form and by providing for the appointment of counsel if the motion presents questions of law or issues of fact and the movant is shown to be indigent. [429 S.W.2d at 701]

The appellate courts of Missouri, in an exemplary and commendable manner, have consistently required that the State trial courts of Missouri comply with all the requirements of amended Missouri Rule 27.26. *See,* for examples, *Gerberding v. State,* 433 S.W.2d 820 (Mo. 1968); *Larson v. State,* 437 S.W.2d 67 (Mo. 1969); *Forbes v. State,* 511 S.W.2d 894 (Mo. App.1974); *Keith v. State,* 511 S.W.2d 896 (Mo. App.1974); *Smith v. State,* 526 S.W.2d 399 (Mo.App.1975); *Harris v. State,* 547 S.W.2d 519 (Mo.App.1977); *Wheatley v. State,* 559 S.W.2d 526 (Mo.Sup.1977); *State v. Holland,* 575 S.W.2d 869 (Mo.App.1978); *Wilson v. State,* 585 S.W.2d 243 (Mo.App.1979); and *Quillun v. State,* 626 S.W.2d 414 (Mo.App. 1981).

The cited cases reflect Missouri appellate recognition that the failure of a Missouri trial court to comply with all requirements of Missouri Rule 27.26, particularly in regard to holding proper evidentiary hearings on the merits of an alleged federal claim, results in the waste of appellate judicial time and in further litigation in both the State and federal courts.

*See* also *State v. Herron,* 376 S.W.2d 192 (Mo.Sup.1964), and *State v. Gee,* 408 S.W.2d 1 (Mo.Sup.1966), both of which were decided before Missouri's Rule 27.26 was amended in 1967, in which the Supreme Court of Missouri appropriately recognized the impact of the Supreme Court of the United States habeas trilo-

Missouri Rule 27.26(e), entitled "Hearings," provides in its pertinent part that:

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, a prompt hearing thereon shall be held. "Prompt" means as soon as reasonably possible considering other urgent business of the court. *This hearing shall be an evidentiary hearing if issues of fact are raised in the motion, and if the allegations thereof directly contradict the verity of records of the court, that issue shall be determined in the evidentiary hearing.* All proceedings on the motion shall be recorded by the official court reporter. (Emphasis ours)

Examination of the "supplemental pages" attached to both of petitioner Manis' *pro se* Rule 27.26 motions filed in March of 1982 establishes that numerous issues of fact within the meaning of Missouri Rule 27.-26(e) are raised in regard to federal constitutional claims which simply cannot be determined without a plenary evidentiary hearing held in accordance with the mandate of that Rule. The record presently before this Court suggests that although petitioner Manis' *pro se* motions were filed in March of 1982, petitioner has not been afforded the evidentiary hearing mandated by Missouri Rule 27.26(e).[4]

In spite of the state of the record in regard to petitioner Manis' *pro se* motions, the supplemental response filed by the Attorney General's office in regard to those motions contends that petitioner Manis' petition for federal habeas corpus "should be denied without prejudice until such time as petitioner exhausts his State remedies in the trial and appellate courts [of Missouri.]" In support of that contention the supplemental response filed by the Attorney General's office stated the following:

Respondent would like to point out these actions have been pending for less than a year and it is evidence [sic] that action has been taken by the Circuit Court, consisting of appointment of counsel. Any inaction cannot be attributed to the Court but rather to appellant's appointed counsel. In *Thompson v. White,* 591 F.2d 441, 443 (8th Cir.1979), it was held that the fact of a two-year delay in which *no action* was taken by the state court did not absolve a habeas corpus petitioner from the responsibility of exhausting his state court remedies. That holding applies with much greater force here where there has been no inordinate delay and where counsel has been appointed.

A prisoner in state custody is required to exhaust his state remedies before seeking federal relief, and "[a]n exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano* [454 U.S. 1] 102 S.Ct. 18, 19 [70 L.Ed.2d 1] (1981). (Emphasis the Attorney General's.)

In the next part of this memorandum opinion we will state the reasons why the authorities relied upon by the Attorney General's office do not support the State's contention.

gy and reversed and remanded State trial courts' denials without evidentiary hearings of movants' federal claims.

4. We recognize, of course, that petitioner Manis, apparently acting on the advice of a fellow inmate, has not proceeded in any appropriate manner to obtain a hearing in the Circuit Court of Greene County, Missouri. Indeed, petitioner has attempted to invoke this Court's habeas jurisdiction and has claimed the right to have the hearing to which he is entitled under applicable federal constitutional law conducted in this Court rather than proceeding in the courts of Missouri in accordance with the available postconviction remedies provided by State law.

We recognize further that the numerous motions, pleadings, briefs, and the flood of papers filed on petitioner Manis' behalf by a fellow inmate at the State penitentiary have presented all courts in which such filings have been made with a confused and complicated procedural picture. The processing of petitioner Manis' postconviction motions was further complicated by *pro se* litigation which he and petitioner Smith filed in this Court. *See Smith and Manis v. Honorable Max E. Bacon, et al.,* 699 F.2d 434 (8 Cir.1983).

## IV.

### A.

The State's reliance upon *Thompson v. White*, 591 F.2d 441 (8th Cir.1979) to support its suggestion that petitioner Manis' petition for federal habeas corpus should be dismissed outright for failure to exhaust is misplaced. The Court of Appeals' opinion in *Thompson* reflects that Thompson was convicted of first degree murder in 1966 and that no appeal was taken in that case. On September 10, 1975, however, Thompson filed a Missouri Rule 27.26 motion contending, among other things, that his federal constitutional rights had been violated because the jury that convicted him was not drawn from a cross section of the community.

The State trial court took no action on that motion for nearly two years. On March 1, 1977 petitioner filed a writ of habeas corpus in the Supreme Court of Missouri complaining of the "unwarranted and inordinate delays" in processing his pending motion. On March 14, 1977 the Supreme Court of Missouri properly denied the writ "without prejudice to petitioner to make application to the Circuit Court of Bollinger County for appointment of counsel and a hearing in the pending 27.26 action." Although the Supreme Court of Missouri had clearly indicated that an evidentiary hearing was necessary, the State on June 3, 1977 filed a motion to dismiss which the State trial court granted on June 28, 1977. An appeal was noticed to the Missouri Court of Appeals, Springfield District, the next day.[5]

On October 2, 1977, however, and while the State appeal was still pending, the petitioner attempted to invoke the habeas jurisdiction of the United States District Court for the Eastern District of Missouri. The State moved to dismiss for failure to exhaust and that motion was granted by Judge Filippine for reasons stated in *Thompson v. White*, 442 F.Supp. 1269 (E.D. Mo.1978). The petitioner then appealed to the Court of Appeals for the Eighth Circuit and while that appeal was pending, the Missouri Court of Appeals, Springfield District, on October 23, 1978, reversed the State trial court and "remanded the question of constitutionally impermissible discrimination in jury selection process for an evidentiary hearing in the State trial court."

The Court of Appeals for the Eighth Circuit, in determining the appeal of the dismissal by the federal district court, cited the leading Eighth Circuit case of *Mucie v. Missouri State Dept. of Corrections*, 543 F.2d 633 (8th Cir.1976), and stated that "we share the opinion of the federal district court that the delay in processing Thompson's Rule 27.26 motion was extreme and unexplained."

The Court of Appeals for the Eighth Circuit noted in *Thompson*, however, that "the State court had started to process the motion before Thompson filed the petition in federal court and continued to process it promptly thereafter." The Court of Appeals therefore concluded that "We have no reason to believe that the state courts will delay a decision on that issue. There is, therefore no reason to apply *Mucie* here." [*Thompson v. White*, 591 F.2d 441, 443 (8th Cir.1979)]

*Mucie*, of course, is the leading Eighth Circuit case in which questions of State court delay were considered. In that case the Court of Appeals for the Eighth Circuit reversed the federal district court's outright dismissal of a federal habeas corpus petition

---

**5.** The filing by the State and the granting by trial courts of motions to dismiss postconviction proceedings without holding an evidentiary hearing frequently does no more than invite appellate reversal and delay the determination of the merits of a particular federal postconviction claim.

The files and records in petitioner Smith's case, for example, show that the State's motion to dismiss without evidentiary hearing was

granted in regard to one of petitioner Smith's Missouri Rule 27.26 motions. The Missouri Court of Appeals, Southern District, will not be able to review the merits of petitioner Smith's federal claim; it can only consider whether, under federal standards, petitioner Smith was entitled to an evidentiary hearing and, should it so decide, remand the case to the Circuit Court of Greene County, Missouri for further proceedings.

on the ground that the petitioner had failed to exhaust his available State postconviction remedies. The procedural history of that case shows that Mucie's original petition for federal habeas corpus was dismissed for failure to exhaust in September, 1973. Mucie thereafter filed a Missouri Rule 27.26 motion on December 5, 1973. The Eighth Circuit noted that the State "for some unknown reason . . . did not file a response until almost a year later, November 7, 1974, and did not serve petitioner's counsel with this response until October 15, 1975." Petitioner Mucie therefore filed a second petition for federal habeas corpus on January 14, 1976.

A month later, on February 13, 1976, the State trial court denied the long pending Missouri Rule 27.26 motion. Mucie then appealed that action to the Missouri Court of Appeals. The federal district court dismissed for failure to exhaust in light of Mucie's obvious right to have the Missouri Court of Appeals rule on the State court's denial of his Missouri Rule 27.26 motion.

The Court of Appeals for the Eighth Circuit, however, reversed the second dismissal of a federal habeas application and articulated "the *Mucie* rule" to which the Court of Appeals made reference in *Thompson.* The Court of Appeals for the Eighth Circuit concluded in *Mucie* that "where it appears the state has been unnecessarily and intentionally dilatory, . . . to hold that a petitioner is still precluded from pursuing his remedy in a federal court reduces the Great Writ to a sham and mockery" [543 F.2d at 636]. Judge Lay's opinion in *Mucie* made clear that:

> The exhaustion doctrine requires only that the state courts have one full and fair opportunity to decide a question which is properly presented to it. *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30

L.Ed.2d 438 (1971); and *Wilwording v. Swenson,* 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971).[6]

The question of whether delay in State court postconviction proceedings should excuse the exhaustion requirement was again considered in *Seemiller v. Wyrick,* 663 F.2d 805 (8th Cir.1981). In that case the United States District Court for the Eastern District of Missouri entered an order of outright dismissal for failure to exhaust. That dismissal was vacated by the Court of Appeals for the Eighth Circuit and the federal district court was directed to retain jurisdiction for a period of sixty days to await developments in regard to the State court's processing of a pending Missouri Rule 27.26 motion. The Court of Appeals for the Eighth Circuit further directed the district court to proceed with the merits of a federal ineffective assistance of counsel claim if the State trial court had not rendered a decision on a long pending Missouri Rule 27.26 motion within that period of time.

The *Seemiller* court noted, however, that if the State trial court should rule the pending Missouri Rule 27.26 motion in favor of the prisoner within the sixty day period, any claim for federal habeas relief would then be moot. The Court of Appeals added that:

> Should the state court render a decision unfavorable to appellant, then the district court should consider anew the question whether state appeal should be excused. See *Mucie v. Missouri State Department of Corrections, supra.*

An order similar to that entered in *Seemiller* was recently entered by the Court of Appeals for the Eighth Circuit in *Wade v. Lockhart,* 674 F.2d 721 (8th Cir.1982). *Wade* vacated and remanded an outright dismissal of a State prisoner's habeas petition for failure to exhaust.

**6.** *Jones v. Shell,* 572 F.2d 1278 (8th Cir.1978) illustrates the Eighth Circuit's application of the *Mucie* rule. In *Jones,* the federal district court granted the State's motion to dismiss a petitioner's application for federal habeas corpus relief on the ground that the petitioner in that case had failed to exhaust available State court remedies. The Court of Appeals for the Eighth Circuit stated that "the writ of habeas corpus, challenging illegality of detention, is reduced to a sham if the trial courts do not act within a reasonable time" and that "whether the exhaustion defense is a valid one here is beside the point. Habeas corpus procedure should not be so dilatory or technical as to deny a petitioner a hearing and ruling on the merits of his claim within a reasonable time." [572 F.2d 1280]

We are satisfied that the Court of Appeal's conclusion in *Thompson* that the *Mucie* rule was not to be applied under the particular factual circumstances of that case does not sustain the State's argument that this case should be dismissed outright at this time. We are further satisfied that both *Seemiller* and *Wade*'s application of the *Mucie* rule reflect implicit directions to the district courts of the Eighth Circuit to retain jurisdiction of a State prisoner's federal habeas corpus case in which questions of undue delay are presented for a reasonable period of time in order to permit appropriate State court action. We believe that *Mucie* and the progeny of that case require district courts in the Eighth Circuit to direct further proceedings consistent with exhaustion, rather than entering an order of outright dismissal for failure to exhaust.

### B.

The State's reliance on the United States Supreme Court's per curiam opinion in *Duckworth v. Serrano*, 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981) to support outright dismissal at this time is also clearly untenable. That case reflected a per curiam reversal by the Supreme Court of the United States of an unpublished opinion of the Seventh Circuit which had, in its turn, reversed the federal district court's dismissal of a State prisoner habeas petition for failure to exhaust. The Supreme Court noted that on the facts of that case, the federal claim of ineffective assistance of counsel had never been raised in any State court; had not been raised in the federal district court; and was raised for the first time on appeal in the Court of Appeals for the Seventh Circuit.

*Duckworth* merely stated familiar law when it held that:

It has been settled for nearly a century that a state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts. *Ex parte Royall*, 117 U.S. 241 [6 S.Ct. 734, 29 L.Ed. 868] (1886); *Ex parte Hawk*, 321 U.S. 114 [64 S.Ct. 448, 88 L.Ed. 572] (1944); *Irvin v. Dowd*,

359 U.S. 394, 404–405 [79 S.Ct. 825, 831–832, 3 L.Ed.2d 900] (1959); *Nelson v. George*, 399 U.S. 224, 229 [90 S.Ct. 1963, 1966, 26 L.Ed.2d 578] (1970); *Picard v. Connor*, 404 U.S. 270 [92 S.Ct. 509, 30 L.Ed.2d 438] (1971); *Pitchess v. Davis*, 421 U.S. 482 [95 S.Ct. 1748, 44 L.Ed.2d 317] (1975). [454 U.S. 1, 3 [102 S.Ct. 18, 19, 70 L.Ed.2d 1] (1981)]

The Court noted that the exhaustion requirement, which was first articulated in *Ex parte Royall*, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), is currently codified in 28 U.S.C. §§ 2254(b) and (c). The Court stated and applied familiar law when it held that "an exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Id.* The reason for the per curiam reversal of the Seventh Circuit was fully stated in the final paragraph of the Supreme Court per curiam opinion:

The Court of Appeals engrafted an exception onto the habeas statute not envisioned by Congress, inconsistent with the clear mandate of the Act, and irreconcilable with our decisions requiring the exhaustion of state judicial remedies. Therefore, the judgment of the Court of Appeals is reversed, and the case is remanded to that court for further proceedings consistent with this opinion.

We are satisfied that we are required under the Court of Appeals of the Eighth Circuit opinions above cited to retain jurisdiction of this case for the time being and to direct further proceedings consistent with our duty to afford petitioner an opportunity to exhaust his available State court postconviction remedies. We are further satisfied for reasons that we state in the next part of this memorandum opinion that the State postconviction remedial process is neither "unavailable" to afford petitioner an opportunity to obtain redress in connection with the federal claims alleged in his *pro se* Missouri Rule 27.26 motions nor "so clearly deficient as to render futile" any attempt by petitioner to obtain relief in the courts of Missouri.

## V.

■ Consideration of the record requires that we find and conclude in regard to petitioner Manis' other Missouri Rule 27.26 motions which pend in, but which have not yet been ruled by, the Circuit Court of Greene County, Missouri, that circumstances do not exist which may be said to render the Missouri Rule 27.26 State postconviction proceedings "ineffective to protect the rights of the prisoner" within the meaning of 28 U.S.C. § 2254(b). The record before this Court establishes that the flood of correspondence, motions, efforts to avoid use of available State court postconviction remedies, the Section 1983 action filed in this Court, and numerous filings in the Supreme Court of Missouri have unduly complicated the orderly processing of petitioner Manis' other Missouri Rule 27.26 motions.[7]

Experience in both State and federal postconviction proceedings establishes that procedural difficulties are frequently encountered in cases in which a particular prisoner seeks *pro se* postconviction relief in regard to multiple sentences imposed in separate cases by different judges of the same court. Such difficulties are compounded when, as the above cases illustrate, two different prisoners, in effect, attempt to join forces in their efforts to obtain postconviction relief.

Experience also establishes, however, that courts responsible for the proper administration of postconviction proceedings exercise their power to appoint independent and disinterested counsel to represent such prisoners in all their numerous *pro se* postconviction cases. Courts also frequently assign and transfer all such cases to a single judge who has no prior contact with any of the cases in which the particular prisoners may have received their various sentences.

The commendable and coordinated action taken by the Judges of the Circuit Court of Greene County, Missouri in regard to their appointment of independent counsel to represent petitioner Manis on his appeal to the Missouri Court of Appeals, Southern District, is but an example of the application of the experience to which we make reference. We are satisfied from our experience in many other Missouri State prisoner cases that the courts of Missouri having jurisdiction of the cases under consideration, both trial and appellate, will give appropriate consideration to the appointment of new and independent counsel to represent both petitioner Smith and petitioner Manis and that such courts will consider the assignment of all matters relating to both petitioners to a single judge for prompt and orderly disposition in a manner consistent with applicable law.

We would also anticipate that the State courts would enter orders similar to the orders entered by this Court on December 17, 1982 which provided that both petitioners shall consult with their appointed counsel before attempting to communicate with the particular court having jurisdiction without first seeking the advice of appointed counsel.

We are confident that the courts of Missouri will give appropriate consideration to the appointment of members of the Bar to assist any State Public Defender who may be appointed to represent petitioner Smith and petitioner Manis in the further processing of their pending postconviction litigation. The Court is also confident that the Assistant Federal Public Defender appointed to represent both petitioners in all pro-

---

7. In Part IV of our December 17, 1982 opinion in consolidated cases Nos. 82–0476–CV–W–1 and 82–0903–CV–W–1 in this Court we made reference to the "Supplemental pleading to the habeas corpus" filed on behalf of petitioner Manis in this Court to which are attached various short form orders of the Supreme Court of Missouri denying the relief requested in those *pro se* proceedings.

The filing of redundant *pro se* proceedings in the Supreme Court of Missouri and other Mis-

souri appellate courts cannot be said to excuse the exhaustion of State court postconviction remedies required by 28 U.S.C. § 2254(c). As a practical matter, experience establishes that the filing of such redundant *pro se* proceedings tends to confuse and complicate the orderly processing of a Missouri Rule 27.26 motion by the State trial court having jurisdiction of the case.

ceedings before this Court will, in accordance with the experience established in similar earlier cases, stand ready to give any advice that may be requested of him by counsel appointed by the courts of Missouri. And, finally, this Court is confident that the Judges of the Missouri Court of Appeals, Southern District, and the Judges of the Circuit Court of Greene County, Missouri are familiar with the fact that this Court will respond promptly, as it has in many cases in the past, to any request for information that this Court may furnish under the circumstances.

For the reasons stated, it is

ORDERED (1) that all prayers of the State for outright dismissal at this time for failure to exhaust should be and are hereby denied. It is further

ORDERED (2) that the Assistant Federal Public Defender continue to assist petitioner Smith and petitioner Manis in connection with obtaining appropriate State court postconviction review on the merits of the cases discussed above. It is further

ORDERED (3) that in specific regard to petitioner Smith, the Assistant Federal Public Defender is granted additional time to investigate the circumstances surrounding the failure to file a notice of appeal on behalf of petitioner Smith in order that he may thereafter take the action stated in the request and recommendation of the Federal Public Defender which we quoted above. It is further

ORDERED (4) that on or before April 15, 1983 the Attorney General's Office and the Assistant Federal Public Defender shall prepare, serve, and file their respective reports which shall advise this Court of all progress made in regard to petitioner Smith's and petitioner Manis' pending State court postconviction litigation. It is further

ORDERED (5) that the Clerk of the Court forward to the Clerk of the Missouri Court of Appeals, Southern District, and to the Clerk of the Circuit Court of Greene County, Missouri, three courtesy copies of the following for the information of the Judges of those respective courts:

(a) Copies of this Court's December 1, 1982 opinion, reported as *Smith v. Wyrick,* 538 F.Supp. 1017 (W.D.Mo.1982);

(b) Copies of the opinion of the Court of Appeals for the Eighth Circuit affirming this Court, reported as *Smith v. Wyrick,* 693 F.2d 808 (8 Cir.1982);

(c) Copies of this Court's December 17, 1982 memorandum opinions and orders entered in each of the above entitled cases;

(d) Copies of this Court's memorandum opinion and orders entered this day; and

(e) Copies of the separate responses filed on behalf of petitioner Smith and Petitioner Manis by Assistant Federal Public Defender Ronald L. Hall.